## CHICAGO METALLIC MFG. CO. v. EDWARD KATZINGER CO.

### No. 7716.

Circuit Court of Appeals, Seventh Circuit.
Nov. 12, 1941.

Ephriam Banning and Laurence I. Wood, both of Chicago, Ill., for appellant.

M. A. Hirschl, Jacob X. Schwartz, and Louis A. Kohn, all of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

By this appeal plaintiff seeks reversal of a judgment dismissing its complaint for a declaratory judgment.

Plaintiff set out in its complaint that it and the defendant were Illinois corporations having their principal offices and places of business in Chicago, Illinois; that plaintiff was engaged in the business of manufacturing and selling tinware made up into various appliances, all free and clear of patent rights belonging to others; that it had operated under a certain license agreement with defendant and

had complied with all its terms including the payment of all royalty payments due thereunder on account of the manufacture and sale of "Bakerex"; that it subsequently cancelled the license agreement and discontinued the manufacture of Bakerex, and thereafter manufactured and sold a tinware known as "Bake-King," free and clear of any and all of defendant's patents; that nevertheless defendant demanded that plaintiff pay royalties thereon, as though such Bake-King tinware were being made and sold under the aforesaid license agreement; that jurisdiction rested on the Declaratory Judgment Act, 28 U.S.C.A. § 400, and on the fact that rights under certain specified patents were involved; that an actual controversy exists between plaintiff and defendant with respect to the specified patents as to whether plaintiff's Bake-King tinware is responsive thereto and in any way an infringement thereof, and, in particular, whether there is any validity to Jackson's patent No. 2,077,757 so as to justify the payments of any royalties thereon.

The relief prayed was that there be entered a declaratory judgment that the Jackson patent was invalid and that plaintiff's Bake-King tinware was not responsive to, nor an infringement of, any or all of the defendant's Letters Patent.

In support of the order of dismissal defendant insists that the controversy raises no question of patent law and involves only the construction of a contract. In other words, the court was without jurisdiction, because, there being no diversity of citizenship, no federal question was involved.

 It is well to remember that the motion to dismiss is the equivalent of a demurrer and that the court must accept as true all the allegations of the complaint and upon that basis determine whether the complaint presents a cause of action under the Declaratory Judgment Act. The complaint alleged that the license agreement was terminated and cancelled; that plaintiff discontinued the manufacture of the product covered by defendant's patents and thereafter manufactured another product free and clear of defendant's patents and that the defendant claimed the plaintiff's line of tinware came within the defendant's patents. These facts must be taken as true. That being so, whether plaintiff infringes defendant's patents is an actual controversy. It is definite and concrete, and touches the legal relations of parties having adverse legal interests. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and such a dispute is one arising under the patent laws requiring an adjudication of present rights of the parties. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105; Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F. 2d 769; Lances v. Letz, 2 Cir., 115 F.2d 916; and Creamery Package Mfg. Co., v. Cherry-Burrell Corp., 3 Cir., 115 F.2d 980.

Defendant also insists that the order of dismissal should be affirmed because the court, having been advised of the prior pendency of a suit in the Circuit Court of Cook County, Illinois, properly exercised its discretion in refusing to entertain the proceedings, and in support relies principally upon Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, and Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693. These cases hold that a suit may not be maintained under the Declaratory Judgment Act when another suit between the same parties, involving the same subject matter, is pending in another court of competent jurisdiction, and the parties are thereby enabled to procure a full and immediate adjudication of their rights.

The fact that such a suit was pending was brought to the attention of the court upon consideration of the motion to dismiss. It appears that with its motion to dismiss, defendant filed an affidavit setting out the pendency of the state court proceeding. Appended to the affidavit was a copy of the complaint filed in the state court case. In that complaint the plaintiff, defendant here, alleged that all of the products manufactured and sold by the defendant, plaintiff here, embodied and were in accordance with the patents, and prayed that the state court determine whether the products manufactured and sold by the Metallic Company embodied and were made in accordance with the patents and for an accounting and royalties.

██ ██ While it is true that the granting of the remedy is discretionary with the court and may be refused if it is being sought merely to determine issues involved in a case already pending, the mere pendency however, of another suit between the parties without more, is no basis for refusing a declaration. Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261 and

520

Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514. "It is only where the court believes that more effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose, that it is justified in refusing a declaration because of the availability of another remedy." Borchard, Declaratory Judgments, 1934, p. 110.

The issues in the instant case and in the state court case are not the same. The principal question presented by the complaint in this case is the validity of the patents. That question could not be litigated in the state court case, consequently, the parties are not able to procure a full and immediate adjudication of their rights. Prior to the passage of the Declaratory Judgment Act, no one had a right under the patent laws to initiate a suit for affirmative relief in the form of an adjudication that another's patent was invalid; now the alleged infringer may sue. Edelmann & Co. v. Triple-A Specialty Co., supra, and Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589.

We conclude the complaint is a good petition for a declaratory judgment and should not have been dismissed. The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.