**WHISLER et al. v. CITY OF WEST PLAINS, MO., et al.**

No. 222.

District Court, W. D. Missouri, S. D.
March 4, 1942.

G. W. Rogers, of Gainesville, Mo., for plaintiffs.

Homer Rinehart, of West Plains, Mo., for defendants.

REEVES, District Judge.

This is a suit authorized by Paragraph 14, Section 41, Title 28 U.S.C.A., relating to the original jurisdiction of this court. The rights claimed to have been transgressed are those protected by Section 1 of the Fourteenth Amendment to the national Constitution. The particular provision is as follows:

" * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * *."

■ It has been held that "municipal ordinances adopted under state authorities constitute state action and are within the prohibition of the amendment."

Plaintiffs challenge the constitutional validity of several ordinances of the City of West Plains and seek to have this court restrain the enforcement of said ordinances as against the plaintiffs upon the ground that their religious liberty is being denied them.

■ By stipulation the parties have filed a statement of the facts. Those portions of the stipulation which form a predicate for jurisdiction need not be reviewed in this opinion for the reason that under the authority of Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, the court has jurisdiction.

The first ordinance challenged is designated as No. 600. The substance of said ordinance is to prevent " * * * the deposit of any waste, litter, (etc.) * * * upon any street, avenue or alley, (etc.) * * * within the corporate limits" of the city of West Plains. This was referred to as a "Nuisance" ordinance. There was an additional section mentioned, but it does not appear to be pertinent to this discussion.

Ordinance No. 778 is a licensing ordinance and requires all persons engaged in soliciting articles of merchandise to obtain a license upon the payment of the fee scheduled.

Ordinance No. 781 is in its nature an ordinance against trespassing and undertakes to protect the people in their homes against " * * * solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise."

Ordinance No. 854 is one regulating the use and occupancy of sidewalks. It forbids the solicitation of funds or contributions for any purpose and also the selling of merchandise, including books and literature, within certain hours. It also undertakes to prevent the distribution of circulars upon the sidewalks outside of the prescribed hours.

It was admitted further that the plaintiffs, "describing themselves as Jehovah's Witnesses, were selling and offering for sale publications of the Watchtower Bible and Tract Society, Inc., known as the Consolation and the Watchtower. They were selling said publications and offering to sell the same for five cents a copy, upon the sidewalks of the public square of the City of West Plains, and public sidewalks of other portions of the business district of West Plains, Missouri."

It was further admitted "that the plaintiffs herein did receive compensation for selling said publications, and as their compensation, received part of the proceeds of the sale of said publications."

It is further agreed that the plaintiffs were carrying satchels across their shoulders containing the publications named for sale and that there were advertisements upon the satchels naming the publications for sale and stating the price. It was admitted, furthermore, that the plaintiffs walked along and stood upon the public sidewalks "upon Monday of each week for several weeks, this being a day which is an unusual business day for the City of West Plains, and that they advertised their books and publications for sale upon the public sidewalks, which were then and there crowded with people upon said sidewalks"; and that they "stood upon public sidewalks,

crowded with people, near entrances to business houses."

It was admitted that criminal prosecutions had been instituted under the authority of some of the ordinances named.

■ 1. An inspection of the ordinances does not disclose a probable or possible interference with the exercise by the plaintiffs of their religious convictions. Religious convictions do not relieve the individual from obedience to an otherwise valid general law not aimed at the promotion or restriction of religious belief. *Minersville School District v. Gobitis,* 310 U.S. 586, 60 S.Ct. 1010, 84 L.Ed. 1375, 127 A.L.R. 1493. This was the famous "flag case", where the Supreme Court held that there was no impingement upon religious belief in requiring the students of the school to salute the flag in appropriate ceremonies.

■ 2. It was agreed that the plaintiffs were engaged in selling religious literature for a profit. This was not the exercise of their religion or their religious beliefs. They were engaged, according to the admissions, in a commercial pursuit. The courts have never upheld the right of persons to engage in business in the name of religion and thereby avoid the obligations of the law imposed upon other persons.

Counsel for the complainants call attention to the case of *Schneider v. State,* 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155. That case does not uphold the contention made by counsel. By reference to page 165 of the report in 308 U.S., page 152 of 60 S. Ct., it said:

"We are not to be taken as holding that commercial soliciting and canvassing may not be subjected to such regulation as the ordinance requires. Nor do we hold that the town may not fix reasonable hours when canvassing may be done by persons having such objects as the petitioner. Doubtless there are other features of such activities which may be regulated in the public interest without prior licensing or other invasion of constitutional liberty."

The conduct of the petitioners in the Schneider case was far different from that agreed upon in this case. The stipulation here brings the case precisely within the principle of the foregoing excerpt.

■ 3. The ordinance forbidding the littering of the streets is a valid one. In the Schneider case, supra, the court said, 308 U.S., loc.cit. 162, 60 S.Ct. 146, 84 L. Ed. 155, that the city authorities would have the right to punish any one for throwing waste paper, litter or other objectionable matter upon the streets or sidewalks.

■ 4. The licensing ordinance is not invalid. It was held in *Hannan v. City of Haverhill,* 1 Cir., 120 F.2d 87, that it was proper for the city authorities to require persons engaged, as were the plaintiffs, to obtain a license or a permit from the city. Many other cases are to the same effect.

■ 5. Ordinance No. 781 is a valid ordinance. Its object was to protect the inhabitants of the city from being annoyed by peddlers. In this case the plaintiffs were not engaged in distributing literature or soliciting contributions but they were commercializing the sale of their literature precisely in the same way as other vendors of merchandise and books subject to the terms of the ordinance.

■ 6. Under all of the authorities Ordinance No. 854 is valid and enforceable. It seeks to protect the sidewalks against congestion by persons engaged in business or soliciting funds.

■ This question arose in the case of *Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049, 133 A.L.R. 1396. Mr. Chief Justice Hughes said, 312 U.S. loc.cit. 574, 61 S.Ct. loc.cit. 765:

"Civil liberties, as guaranteed by the Constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses. The authority of a municipality to impose regulations in order to assure the safety and convenience of the people in the use of public highways has never been regarded as inconsistent with civil liberties but rather as one of the means of safeguarding the good order upon which they ultimately depend."

■ Upon the agreed statement of facts, and under the authorities, the plaintiffs are not entitled to the relief sought and their petition should be dismissed. It is so ordered.