## LATROBE ELECTRIC STEEL CO. v. VAS-COLOY–RAMET CORPORATION et al.

### No. 363.

District Court, D. Delaware.

April 13, 1944.

348

C. S. Layton and R. H. Richards, Jr. (of Richards, Layton & Finger), both of Wilmington, Del., and Walter J. Blenko and John C. Bane, Jr. (of Reed, Smith, Shaw & McClay), both of Pittsburgh, Pa., for plaintiff.

Daniel O. Hastings and John Van Brunt (of Hastings, Stockly and Layton), both of Wilmington, Del., and Don M. Peebles, of Chicago, Ill., and Jesse J. Holland, of New York City, for defendant Vascoloy-Ramet Corporation.

LEAHY, District Judge.

Vascoloy-Ramet Corporation, the Delaware defendant, moves under Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for dismissal of the complaint. The basis of this suit is the federal Declaratory Judgment Act, 28 U.S.C.A. § 400, wherein plaintiff seeks a declaratory judgment that it has not and is not using any trade secrets of Vascoloy or of Fansteel Metallurgical Corporation, the New York defendant, in the manufacture of cast alloys.

■ The complaint [1] recites that both defendants manufacture and sell alloys. Vascoloy is two-thirds owned by Fansteel. They have the same president and interlocking directors. They occupy business premises in common. In short, they are closely interrelated and function as such. Fansteel makes an alloy known as "tantung". In 1942 plaintiff decided to manufacture and sell a tungsten-chromium-cobalt alloy of the Stellite type [2] under its own name. It hired three former employees of defendants. Last year plaintiff was called on the telephone from Chicago by an officer of Vascoloy and told plaintiff was attempting to "raid" defendants' personnel by offering them employment. Plaintiff denied any improper practices. Later, plaintiff received a letter from defendants' counsel charging that, by hiring defendants' employees, plaintiff was wrongfully obtaining knowledge of defendants' trade secrets. Subsequently, the parties and counsel met in several conferences. Plaintiff claims that it has been unable to obtain from defendants any specifications of its alleged wrongs, although defendants threaten suit if plaintiff begins to market any of its cast alloys.

Plaintiff prays that defendants be required to give the basis of their charges by stating their trade secrets [3] and plaintiff's use thereof; and upon defendants' failure to bring these matters forward, plaintiff asks for a decree that it is not using any of defendants' trade secrets.

■■ Before looking to see if there is an "actual controversy" here, it is necessary to determine if all indispensable parties are in court. Defendant Fansteel is a New York corporation, and is not within the jurisdiction. There is no way to make it submit to the jurisdiction. Rule 19, F.R.C.P., provides for "indispensable" or "necessary" parties, and speaks of "joint interest".[4] The rule applies to declaratory judgment actions. Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703. An indispensable party was early defined in Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. There, the Supreme Court said: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition

---

[1] For purposes of the motion the allegations of the complaint are treated as facts. Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518.

[2] Haynes about thirty years ago invented an alloy of tungsten, chromium and cobalt which was later sold under the name of "Stellite". The patents having expired, the subject matter of Stellite is now in the public domain.

[3] With such safeguards for secrecy and protection as the court may direct.

[4] Subdivision (a) of the Rule was part of old Equity Rule 37, 28 U.S.C.A. § 723 Appendix. Moore, Federal Practice, § 19.02, p. 2142, writes: "Subdivision (a) of Rule 19 is a generalized statement concerning necessary and indispensable parties to be read in the light of cases at law and in equity. It was not intended to change the rules governing compulsory joinder that had been laid down in those cases."

that its final termination may [not] be wholly inconsistent with equity and good conscience." [5]

The complaint is drawn on the theory that Fansteel and Vascoloy possess a joint interest in the trade secrets of defendants and exercise a joint control over the use of such secrets.[6] Difficulties would undoubtedly arise if a decree should ultimately be made in plaintiff's favor in the absence of Fansteel; but there will be no finding—temporarily, at least—that Fansteel is an indispensable party.

At the argument it was agreed that both Fansteel and Vascoloy have offices and are authorized to transact their businesses in Chicago, Illinois, so that jurisdiction of both can be obtained in the District Court for the Northern District of Illinois, Eastern Division. Plaintiff here recently brought an identical declaratory judgment action against both defendants in the Southern District of New York. As this court does not have jurisdiction over Fansteel, the New York corporation, so in that action the New York court did not have jurisdiction over Vascoloy, the Delaware corporation. Judge Hulbert, in granting defendants' motion to dismiss, said:[7] "It was conceded on the argument of the motion that all of the parties are engaged in business in the State of Illinois and subject to the jurisdiction of the United States District Court in that state.

"The motion to dismiss is based upon several grounds, all of which have been considered, but there is only one the court feels necessary to be decided. The defendants appear to be so interrelated that the Delaware corporation is an indispensable party and; therefore, there can be no complete adjudication of the issues unless the Delaware corporation can be brought within the jurisdiction of this court." True, both defendants may be sued in Illinois. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. But, this circuit views the declaratory judgment procedure as a means to provide prompt settlement of controversies, and the statute has been construed broadly and liberally to that end. See, Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70. Simply because of the fortuitous circumstance that one defendant is a Delaware corporation and the other a New York corporation, it does not seem that plaintiff should be completely withheld from the benefits of the statute. The court will not pause, however, to speculate on the plight of plaintiff because it will not, at this time, enter a formal

---

[5] In State of Washington v. United States, 9 Cir., 87 F.2d 421, 425, where the cases are collected and classified, the court prescribes specific tests for determining who is an indispensable party. The court said: "The court here points out three classes of parties to a bill in equity. They are: 1. Formal parties. 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

[6] Paragraph 13 of the complaint: " * * * the defendants charged that by hiring their employees the plaintiff had wrongfully acquired knowledge of trade secrets belonging wholly to the defendants." Paragraph 15: " * * * Another conference was held between counsel for the respective parties * * * for the purpose also of ascertaining what action defendants desired or believed plaintiff should take to satisfy defendants' complaints. * * * Latrobe was not then able * * * to obtain from either Fansteel or Vascoloy-Ramet * * * any specifications of its alleged wrongs beyond the assertion that Latrobe, through the device of hiring former employees of Fansteel and Vascoloy-Ramet, has acquired trade secrets of Fansteel and Vascoloy-Ramet and is using the same in the manufacture of its cast tungsten-chromium-cobalt alloys * * * the defendants continue to threaten Latrobe with suit, should it begin the marketing of any of its cast tungsten-chromium-cobalt alloys."

[7] 55 F.Supp. 402.

order dismissing the complaint. It will retain jurisdiction over Vascoloy and stay the action for a sufficient length of time for plaintiff to bring suit in Illinois against both defendants. If plaintiff does not desire to institute such an action in Illinois, then the parties may renew their motion for a formal order of dismissal; and at that time it will be determined if we can proceed against Vascoloy alone in the absence of Fansteel, or whether the complaint should be dismissed for lack of an indispensable party.