**YELLOW CAB CO. v. CITY OF CHICAGO.**

No. 10225.

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1951.

Weymouth Kirkland, Howard Ellis (of Kirkland, Fleming, Green, Martin & Ellis), and John M. O'Connor, Jr., all of Chicago, Ill., for appellant.

Joseph F. Grossman, Chicago Ill., John J. Mortimer, Corporation Counsel of City of Chicago, Chicago, Ill., Harry H. Pollack, Asst. Corporation Counsel, of counsel, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff appeals from a judgment of the District Court dismissing its suit for damages for alleged breach of contract by the City of Chicago on the ground that the complaint did not state a cause of action. Briefly the essential averments of the complaint were that a valid binding contract existed between plaintiff and the city by virtue of three certain ordinances of May 16, 1934, December 27, 1937, and June 21, 1945, duly accepted by plaintiff, providing that the number of licensed taxicabs in Chicago should not exceed 3000 unless the License Commission of the city should, after hearing duly called and had, find that public convenience and necessity required additional cabs, and that defendant had broken this contract by enactment of two ordinances on February 6 and March 1, 1948, wherein the city had directed that the number of licensed taxicabs be increased by 950. These ordinances, said plaintiff, violated its contract under the ordinances first mentioned in that they were not preceded by any finding that public necessity and convenience necessitated additional cabs. Therefore, plaintiff averred, it had been damaged in various respects in an amount exceeding $3 million.

A more detailed statement of certain pertinent facts appears in Yellow Cab Co.

v. City of Chicago, 396 Ill. 388, 71 N.E.2d 652, where the Supreme Court of Illinois declared that the ordinances of 1934, 1937 and 1945 constituted a valid binding contract between defendant and the operating cab companies, including plaintiff, whereby the city agreed not to issue any additional cab licenses in excess of 3000 without holding the prescribed hearing and making the necessary finding on public convenience and necessity. It likewise held invalid any attempt by defendant to increase the number without conforming to the terms of the contract ordinances. Plaintiff insists that despite this authoritative holding, the city enacted the ordinances of 1948 in violation of the terms and provisions of the contract ordinances, thus causing the damages claimed.

■ By the cited decision it is established in Illinois that the contract ordinances of 1934, 1937 and 1945 were breached by defendant's enactment of an ordinance of 1946, which increased the number of licensed cabs substantially without complying with the terms and provisions of the ordinance contracts, similarly to those of 1948. Thus the question before the District Court and before us on appeal is whether, for such breach of contract, the city, a municipal corporation organized under the statutes of the state of Illinois, is legally liable to plaintiff in an action ex contractu for the damages accruing from such breach, a question which, under Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and subsequent decisions of the Supreme Court, must be decided in accord with the law of Illinois, if we can ascertain what that is.

■■ It is settled law in Illinois that enforcement of illegal ordinances may be enjoined. City of Quincy v. Bull, 106 Ill. 337; Yellow Cab Co. v. City of Chicago, 396 Ill. 388, 71 N.E.2d 652. It is equally well established that municipalities, organized under the state statute, being arms of the state, are, in so far as their actions or omissions flow from the exercise of their governmental functions, immune from liability for resulting torts. Thus, in Roumbos v. City of Chicago, 332 Ill. 70, 163 N.E. 361, 363, 60 A.L.R. 87, the court adopted this language: "So far as municipal corporations of any class, and however incorporated, exercise powers conferred on them for purposes essentially public—purposes pertaining to the administration of general laws made to enforce the general policy of the state—they should be deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless, by statute, the action be given; that, in reference to such matters, they should stand as does sovereignty, whose agents they are, subject to be sued only when the state, by statute, declares they may be." The court added: "The nonliability of the public quasi corporation, unless liability is expressly declared, is usually placed upon these grounds: That the corporators are made such *nolens volens,* that their powers are limited and specific, and that no corporate funds are provided which can, without express provision of law, be appropriated to private indemnification. Consequently, in such case, the liability is one of imperfect obligation, and no civil action lies at the suit of an individual for non-performance of the duty imposed." Other illustrative decisions in Illinois expressing this doctrine are Gebhardt v. Village of LaGrange Park, 354 Ill. 234, 188 N.E. 372; Gravander v. City of Chicago, 399 Ill. 381, 78 N.E.2d 304; Miralago Corp. v. Village of Kenilworth, 290 Ill.App. 230, 7 N.E.2d 602; Vossler v. DeSmet, 204 Ill.App. 292.

Thus it is apparent that the Supreme Court of Illinois adheres to the well-nigh traditional distinction between acts done in a governmental as distinguished from a proprietary capacity, and between those done in a public as distinguished from a private or corporate capacity. The reason for such adherence, notwithstanding the difficulty of stating a definite rule which may be generally applied, is the public danger that in this class of cases liability of the municipality would impose upon the taxpayers damages which might prove so onerous as to destroy the municipality itself. In other words, the real basis of the rule in Illinois grows out of a public policy which forbids that the municipality, an arm of the sovereign government, be subjected to liability in damages

of this sort. Miralago Corp. v. Village of Kenilworth, 290 Ill.App. 230 at page 242, 7 N.E.2d 602.

However, though this rule clearly denies liability for tortuous acts or omissions in the exercise of governmental powers, we find no decision in the state which has considered in any degree the precise question involved in the case presented here, namely: whether the immunity of a municipality from liability for tortuous act growing out of its governmental functions applies likewise to an action brought to recover damages for breach of contract arising also out of the exercise of the municipality's governmental functions, as do the ordinances in question. Respective counsel have directed our attention to no Illinois case and our own research has disclosed none answering this specific inquiry.

Plaintiff has cited the case of Chalstran v. Board of Education, 244 Ill. 470, 91 N.E. 712, which involved repudiation and breach of a contract for construction of a high school upon the part of a school district and its resulting liability to the contractor. True, building a school house is part of the official duties of a school board, but the contract there involved related to property and property rights and the case is not to us a satisfactory authoritative statement upon the part of the Supreme Court of Illinois settling the question before us. Plaintiff relies upon certain other Illinois cases, none of which, we think, touches the issue, and also upon some from other jurisdictions. Winklebleck v. City of Portland, 147 Or. 226, 31 P.2d 637; Block v. Mayor, etc. of City of Meridian, 5 Cir., 169 F. 516. Defendant in turn cites two cases from foreign jurisdictions, Stevens v. Muskegon, 111 Mich. 72, 69 N.W. 227, 36 L.R.A. 777; Edson v. City of Olathe, 81 Kan. 328, 105 P. 521, 36 L.R.A.,N.S., 861, in which, apparently, the courts of those two states have extended the immunity from liability for torts committed in performance of governmental functions to actions for breach of contract growing out of governmental activities. Each party cites McQuillin, Municipal Corporations (1950) (3rd Ed.). But, beyond any vain prognostication we might make as to what the Supreme Court of Il-

linois would decide in contract cases, in view of its stated reasons for extending immunity to liability for tortuous acts, we are unable to say what the law of Illinois is.

■ It is not our role to attempt to make the substantive law for Illinois. It is, rather, our limited function to ascertain, what that law is and to give it effect in our decisions. In Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, and City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 988, 86 L.Ed. 1355, the Supreme Court has hewn out the route for us to follow. In the last mentioned case, the court said: "The determination which the District Court, the Circuit Court of Appeals or we might make could not be anything more than a forecast—a prediction as to the ultimate decision of the Supreme Court of Illinois." In each instance, the court directed that the judgment be vacated and the cause remanded to the District Court with direction to retain the suit pending a determination of proceedings in the state court. In pursuance of these precedents, in United States v. 150.29 Acres of land, etc., 7 Cir., 135 F.2d 878 at page 881, where the issue was one as to the state law of Wisconsin, we said: "We hesitate to intrude ourselves into a situation that requires us to make a decision as to what the law of Wisconsin is, when we are not able to discern with assurance what that law is. Since we are in doubt as to what the law of Wisconsin is on that point, we think it advisable to remand the case to the District Court with instructions to retain jurisdiction until the parties can seek the answer to this question in the courts of Wisconsin." Again in Cowling v. Deep Vein Coal Co., 7 Cir., 183 F.2d 652, 656, where there were no authoritative decisions as to the Indiana law, we said: "Where the Indiana courts have not rendered a controlling decision on a point of primary concern to Indiana citizens and others doing business in the State, federal courts should be reluctant to predict what the Indiana courts would decide is the correct rule of law." And we again remanded the cause to the District Court with directions to retain jurisdiction for a reasonable time so that

the parties might seek in the courts of Indiana the answer to the questions of law involved. So here, where the question is solely one of Illinois law, which can be established only by the courts of that state, we think it our duty to remand the cause to the District Court, in so far as it relates to an action for damages ex contractu, and to direct that court to retain jurisdiction without further action until the parties shall have had opportunity to obtain an authoritative decision in the courts of Illinois.

Plaintiff also contends that, on the basis of the averments of its complaint, it was entitled to a declaratory judgment that the ordinances of 1948 are null and void in that they impair the obligation of plaintiff's contract in violation of Article I, Section 10, of the Constitution of the United States and Article II, Section 14, of the Constitution of the State of Illinois, S.H.A., and that the District Court erred in failing to find that the complaint stated a cause of action of which it had jurisdiction by virtue of the provisions of the Declaratory Judgments Act, 28 U.S.C.A. § 2201. Defendant, on the other hand, maintains that declaratory relief is not warranted in a case such as this, where, as it asserts, the adjudication of invalidity with respect to the 1948 ordinances was sought merely as an incident to the establishment of plaintiff's claim for damages for breach of the contract ordinances.

█ █ In the light of the decision of the Supreme Court of Illinois, in Yellow Cab Co. v. City of Chicago, 396 Ill. 388, 71 N.E. 2d 652, that the ordinances of 1934 and 1937, as extended by the ordinance of 1945, constitute binding contracts between Yellow Cab and the city, and in view of plaintiff's averments that the 1948 ordinances were enacted in violation of the conditions imposed by the earlier contract ordinances, which must be accepted as true in reviewing the propriety of the District Court's dismissal of the complaint on defendant's motion, unless we can say that they are wrong as a matter law, Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518, 519, it would appear that the 1948 ordinances are laws impairing the obligation of contracts and, as such, invalid under both

the state and federal constitutions. But it does not follow that, because the complaint stated a cause of action and the District Court had jurisdiction to render a decree invalidating the ordinances, it erred in declining to do so, for a significant distinction exists between the jurisdiction to grant declaratory relief and the exercise of the court's discretion under that jurisdiction. American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, 480. Thus as this court observed in Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411, 412, "It is well settled that District Courts are endowed with discretion to determine whether the circumstances are such that they may well decline to entertain suits for declaratory relief." The question, then, for our determination is whether the court below abused its discretion in view of the circumstances obtaining in this particular case.

█ The discretion of a court to entertain a suit for declaratory judgment is a "judicial discretion" which must find its basis in sound reason, Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, and jurisdiction is not to be declined merely because of the existence of another adequate legal remedy, Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A., or even because of the pendency of another suit, if the controversy between the parties is such that it will not necessarily be determined therein, Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518, 519–520; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514, 515. It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose, Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411, 412; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732, 734, or would not finally determine the rights of the parties, Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein, American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 619, especially if the issue is one involving a

novel question of state law, Standard Acc. Ins. Co. v. Leslie, D.C., 55 F.Supp. 134, 137, or is, for any other reason, one that can better be adjudicated in another court, Borchard on Declaratory Judgments, pp. 109–110. Nor should declaratory relief be granted where it would result in piecemeal trials of the various controversies presented or in the trial of a particular issue without resolving the entire controversy, Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325, American Automobile Ins. Co. v. Freundt, 7 Cir., 102 F.2d 613, 619.

 In the case at bar, it is obvious that a decree declaring invalid the ordinances of February 6 and March 1, 1948, would not settle the controversy between the plaintiff and the City, for, in the absence of an authoritative statement of the law of Illinois with respect to the liability of a municipal corporation for damages for breach of contracts entered into by such body in its governmental as distinguished from its proprietary capacity, the ultimate question of plaintiff's right to recover money damages cannot be resolved. Consequently, in view of the authorities cited, it seems clear that this case, as it now stands, is not one in which the declaratory relief prayed for should be granted, for it is obvious that an adjudication of invalidity of the 1948 ordinances is sought not as an end in itself but as an essential element in plaintiff's claim for damages for breach of contract. To grant such relief here would be to ignore the established prohibitions of the use of the Declaratory Judgments Act as a device for piecemeal trials of controversies.

An additional reason for declining to entertain jurisdiction in order merely to invalidate the ordinances is to be found in the decision of the Court of Appeals for the Eighth Circuit in Whisler v. City of West Plains, 137 F.2d 938. In that case, plaintiffs had sought to enjoin the city from prosecuting them for violations of certain ordinances which they asserted were unconstitutional; the District Court, 43 F.Supp. 654 dismissed their complaint and the Court of Appeals affirmed, holding that plaintiffs were not entitled to either an injunction or a declaratory judgment that the ordinances were invalid. The court's decision on the latter question was based on its conviction that a declaration by the District Court that the ordinances were invalid would have deprived the state courts of their right to determine the meaning and validity of the ordinances subject only to review by the Supreme Court, and on the fact that certain Supreme Court decisions which held similar ordinances unconstitutional had removed the need for any such declaration as to the particular ordinances attacked by the plaintiffs. So in this case, if, as plaintiff contends, the decision of the Illinois Supreme Court in Yellow Cab Co. v. City of Chicago, 396 Ill. 388, 71 N.E.2d 652, is an authoritative pronouncement of the invalidity of ordinances passed in violation of the terms of the contract ordinances of 1934 and 1937, then there is no need for a declaration that these specific ordinances are invalid.

We conclude that the refusal of the trial court to grant declaratory relief was not improper but entirely justified by the facts and circumstances of this case.

Accordingly, in view of our conclusions, the judgment of the District Court dismissing the suit is vacated and the cause remanded to that court with directions to retain jurisdiction, without further proceeding, until the parties can obtain from the state courts an authoritative decision as to whether, in Illinois, under the facts of this case the city is liable for damages in an action ex contractu.