**AMERICAN COLD STORAGE, INC., LFC Transportation, Inc., Plaintiffs,**

v.

**NBD BANK, a/k/a INB Banking Company, Defendant.**

No. NA 94–38C.

United States District Court, S.D. Indiana, New Albany Division.

July 21, 1994.

O. Grant Bruton, Dana L. Lucas, James N. Williams, Middleton & Reutlinger, Louisville, KY, William C. Herndon, Dallas, TX, for plaintiffs.

Douglas B. Bates, Allen L. Morris, C.J. Cronan IV, Stites & Harbison, Jeffersonville, IN, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

Defendant NBD Bank, a/k/a INB Banking Company ("NBD") seeks to have this Court abstain from Plaintiffs' declaratory judgment action and dismiss Plaintiffs' Amended Complaint under Fed.R.Civ.Pro. 12(b)(1). For the reasons stated below, the Court abstains from the current action and grants Defendant's motion to dismiss without prejudice.

## I. BACKGROUND

American Military Distributors, Inc. ("AMD"), a non-party to the instant case, is a Kentucky corporation that stores and delivers goods to military commissaries. The plaintiffs in this case—American Cold Storage, Inc. ("ACS") and LFC Transportation,

Inc. ("LFC")—are secured creditors of AMD, which allegedly owes $600,000 to LFC and $442,000 to ACS. In a separate action which was tried before the Jefferson Circuit Court in Kentucky, defendant NBD alleged that AMD converted goods which belonged to NBD. The Jefferson Circuit Court entered judgment in favor of NBD on February 10, 1994, in the amount of $144,585.48. AMD filed a Notice of Appeal on March 21, 1994.

In the current action, Plaintiffs allege that NBD has attempted to seize assets of AMD, which are necessary for AMD to survive as a corporation. If AMD goes out of business, Plaintiffs claim that their security will be lost or materially impaired. ACS and LFC seek to have this Court: 1) declare that ACS and LFC's rights are superior to NBD's; 2) enjoin NBD from impairing or interfering with ACS and LFC's rights during the pendency of AMD's appeal; and assess damages against NBD in the amount of $209.43, the amount paid to it by AMD's bank.

NBD now moves for this Court to dismiss this action because of the pending action before the Kentucky Court of Appeals, because of the doctrine of abstention, and because granting declaratory relief would violate the Anti–Injunction Act, 28 U.S.C. § 2283. In a supplemental reply, NBD informed the Court that the Jefferson Circuit Court granted its motion to add Plaintiffs as parties to the proceedings on June 8, 1994.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

 "When ruling on a motion to dismiss" for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), " 'the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.' " *Rueth v. U.S.E.P.A.,* 13 F.3d 227, 229 (7th Cir.1993) (citing *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir.1993)). However, when examining factual questions concerning

jurisdiction under the Declaratory Judgment Act, the Court is "not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." *Cedars–Sinai Medical Center v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir.1993); *see also International Harvester Co. v. Deere & Co.,* 623 F.2d 1207, 1210 (7th Cir.1980); *Infinitech, Inc. v. Vitrophage, Inc.,* 842 F.Supp. 332, 335 (N.D.Ill. 1994).

### B. Abstention under *Brillhart*

Having considered the parties' arguments and authorities, the Court finds that an "actual controversy" exists under the Declaratory Judgment Act, 28 U.S.C. § 2201[1], and that it therefore has jurisdiction in this case. The key question is whether this Court should abstain from deciding this case based on *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), which affords district courts substantial lee-way in declining jurisdiction in cases involving the Declaratory Judgment Act.

The Seventh Circuit has yet to answer definitively whether *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) supersedes the analysis of *Brillhart.* The circuit courts, which have considered the issue are split. *See Rivera–Puig v. Garcia–Rosario,* 983 F.2d 311, 320 (1st Cir.1992) (holding that a federal court's duty to exercise jurisdiction is relaxed in the declaratory judgment context); *Washington Street Corp. v. Lusardi,* 976 F.2d 587, 588 (9th Cir.1992) (in declaratory relief cases, *Brillhart* controls); *Insurance Co. of the State of Pa. v. Syntex Corp.,* 964 F.2d 829, 832–34 (8th Cir. 1992) (*Colorado River* applies to declaratory relief actions filed in federal court and based on diversity jurisdiction).

 The Court agrees with the First and Ninth Circuit and finds that *Brillhart* is not overruled by the *Colorado River* abstention

---

**1.** 28 U.S.C. § 2201 provides:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment decree and shall be reviewable as such.

doctrine. Therefore, we examine the Seventh Circuit cases applying *Brillhart.* In *Sears, Roebuck and Co. v. American Mutual Liability Ins. Co.,* 372 F.2d 435, 438 (7th Cir.1967), the Seventh Circuit noted:

> Declaratory judgment should not be granted to try particular issues without settling the entire controversy, or to interfere with an action already instituted. (citation omitted). But the pendency of another suit is not a sufficient reason to decline declaratory jurisdiction if that suit will not necessarily determine the controversy between the parties. *Yellow Cab Co. v. City of Chicago,* 186 F.2d 946, 951 (7th Cir. 1951). The standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue.

*See also Cardinal Chemical Co. v. Morton Intern., Inc.,* —— U.S. ——, —— n. 17, 113 S.Ct. 1967, 1974 n. 17, 124 L.Ed.2d 1 (1993) ("Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction even when it has been established."); *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 682 (7th Cir.1992); *A.G. Edwards & Sons v. Public Building Commission,* 921 F.2d 118, 120 (7th Cir.1990) (finding abstention appropriate, but declining to answer whether *Colorado River* superseded *Brillhart* ).

■ Based on the above authorities, the Court finds abstention appropriate[2] in this case because should NBD lose on appeal in the Kentucky state court action, the controversy between the parties in this case will be mooted. If, however, NBD prevails on appeal, Plaintiffs may still be able to assert their interests now that they have been added as parties to the Jefferson Circuit Court action. Finally, if it turns out that Plaintiffs cannot get a determination of its priority in state court once the appeal has been re-

solved, the Court will entertain at that time a renewed motion for declaratory judgment.

### CONCLUSION

The Court abstains from the instant action and dismisses Plaintiff's action without prejudice. Because the Court dismisses on abstention grounds, it need not decide the other issues presented by the parties.

It is so ORDERED.

### JUDGMENT

In accord with its entry of this date, the Court dismisses Plaintiffs' action without prejudice. Each side is to bear its respective costs.

It is so ORDERED.

---

**2.** We also note that the Seventh Circuit in *Tempco Elec. Heater Corp. v. Omega Engineering,* 819 F.2d 746, 749–50 (7th Cir.1987) rejected Plaintiffs' "first to file" argument. ("... the mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum.")