879 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ENOXY COAL, INC., Plaintiff-Appellant,
v.
The UNITED MINE WORKERS OF AMERICA 1974 BENEFIT PLAN AND
TRUST, the United Mine Workers of America 1974 Pension Plan;
United Mine Workers of America 1950 Benefit Plan and Trust:
and Joseph P. Connors, Sr., Donald E. Pierce, Jr., William
Miller, William B. Jordan and Paul R. Dean, as Trustees of
the United Mine Workers of America 1974 Benefit Plan and
Trust, United Mine Workers of America 1950 Benefit Plan and
Trust, and of the United Mine Workers of America 1974
Pension Plan, Defendants-Appellees.
 
 No. 88-3212.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 8, 1989.
Decided: June 29, 1989.
 Scott Kevin Sheets (Richard J. Bolen, Huddleston, Bolen, Beatty, Porter & Copen, on brief), for appellant.
 Virginia Anne Seitz (Julia Penny Clark, Bredhoff & Kaiser; David Allen, General Counsel, United Mine Workers of America Health & Retirement Funds, on brief), for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In this declaratory judgment action Enoxy Coal, Inc. (Enoxy) sought declaratory and injunctive relief against United Mine Workers of America 1974 Benefit Plan and Trust, United Mine Workers of America 1974 Pension Plan, United Mine Workers of America 1950 Benefit Plan and Trust and their trustees (collectively the Trusts). Specifically, Enoxy sought a declaration that it was not obligated to make certain contributions claimed by the Trusts under the National Bituminous Coal Wage Agreement of 1984, a collective bargaining agreement to which Enoxy along with other coal mining companies was a signatory employer prior to its withdrawal from the agreement in 1987. In its appeal from judgment dismissing the action under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, Enoxy raises two issues: whether the district court abused its discretion in dismissing the action under the Declaratory Judgment Act and if so, whether the district court erred in holding that it lacked subject matter jurisdiction of the action under 29 U.S.C. Sec. 185 to declare that there is no collective bargaining agreement to which Enoxy is bound. Because we find no abuse of discretion in the dismissal of the action under the Declaratory Judgment Act, we affirm the judgment and do not reach the second of the two issues.
 
 
 2
 The 1984 wage agreement to which Enoxy was a signatory employer adopted certain documents governing the Trusts which documents contained this provision:
 
 
 3
 Any Employer who employed any participant eligible for coverage under, or who received or receives benefits under, the [Trust], or any Employer who was or is required to make, or who had made or makes contributions to the [Trust], is obligated and required to comply with the terms and conditions of the [Trust], as amended from time to time, including, but not limited to, making contributions required under the National Bituminous Coal Wage Agreement of 1978, as amended from time to time, and any successor agreements thereto, including, but not limited to, the National Bituminous Coal Wage Agreement of 1984.
 
 
 4
 Following the expiration of the 1984 wage agreement Enoxy declined to sign the 1988 wage agreement and ceased making contributions to the Trusts. Asserting that the quoted contractual provision obligated Enoxy to continue contributing to the Trusts as long as a successor agreement to the 1978 agreement exists, on April 13, 1988 the Trusts sent a mailgram to Enoxy threatening legal action in the event Enoxy did not within forty-eight hours either make the payments allegedly due the Trusts or advise that it had no covered operations. Enoxy responded by filing this declaratory judgment action five days later on April 18, 1988 seeking a declaration that it "is not obligated to contribute to the Plans for the period of time after January 31, 1988, unless and until it agrees in collective bargaining to so contribute" and an injunction restraining the Trusts from demanding such payments.
 
 
 5
 Meanwhile, the Trusts, who adminster their various plans from headquarters located in the District of Columbia, had instituted an action in that jurisdiction against a number of coal mining companies who were allegedly in default in making contributions to the various plans as required by the 1984 wage agreement and its incorporated documents. One week after Enoxy filed its suit the Trusts filed a second lawsuit in the United States District Court for the District of Columbia against sixteen additional coal mining companies including Enoxy asserting the same cause of action alleged in its first suit.
 
 
 6
 On May 9, 1988 the Trusts moved to dismiss Enoxy's complaint in this action on two grounds: (1) that the district court lacked subject matter jurisdiction over Enoxy's claims; and (2) that the district court should in the exercise of its discretion decline to entertain Enoxy's action because it had been filed in anticipation of other litigation involving the identical issues. In the alternative the Trusts sought a stay or transfer of this action to the United States District Court for the District of Columbia as a more convenient forum for the parties and witnesses.
 
 
 7
 While finding that it had jurisdiction under 29 U.S.C. Sec. 186, the district court also found that Enoxy's action had been filed in anticipation of the action subsequently filed by the Trusts against Enoxy and others in the District Court for the District of Columbia, and in the exercise of its discretion it dismissed the action. This appeal followed.
 
 
 8
 28 U.S.C. Sec. 2201 provides in pertinent part that:
 
 
 9
 In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration....
 
 
 10
 In an early case construing this statute Judge Parker, writing for this court, said:
 
 
 11
 The federal Declaratory Judgment Act ... is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction .... This being true, there is no ground for applying the settled rule ... that the courts may not decline the exercise of jurisdiction conferred upon them. The question is not as to whether jurisdiction shall be assumed but as to whether, in exercising that jurisdiction, a discretion exists with respect to granting the remedy prayed for.
 
 
 12
 Aetna Casualty & Surety Company v. Quarles, 92 F.2d 321, 323-24 (4th Cir.1937).
 
 
 13
 And in Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962), the Supreme Court said:
 
 
 14
 The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so [citing cases]. Of course a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank, 333 U.S. 426, 431 [1948].
 
 
 15
 And this court has held that an order dismissing an action for declaratory judgment will be upheld absent a showing of abuse of discretion. Maryland Casualty Company v. Boyle Construction Company, 123 F.2d 558, 562 (4th Cir.1941).
 
 
 16
 While this record may not, as Enoxy contends, contain explicit evidence that its suit was filed in anticipation of coercive litigation threatened by the Trusts in their mailgram of April 13, 1988, the unmistakable inference on which the district court was entitled to rely is that Enoxy's trip to the courthouse less than three working days thereafter was indeed a hurried one. As recognized by Judge Parker in Aetna Casualty & Surety Company, supra, 92 F.2d at 324, a district court's discretion to entertain a declaratory judgment action "should not be exercised ... for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction." Nor should the declaratory judgment procedure be used for the purpose of allowing a party to test in advance its defenses to an action against it which is surely to follow. Hanes Corporation v. Millard, 531 F.2d 585, 592-93 (D.C.Cir.1976). As stated by the Seventh Circuit in American Automobile Insurance Company v. Freundt, 103 F.2d 613, 617 (7th Cir.1939):
 
 
 17
 The wholesome purpose of declaratory acts would be aborted by [their] use as an instrument of procedural fencing either to secure delay or to choose a forum.
 
 
 18
 Although not expressly relied on by the district court as a ground for decision, considerations of judicial economy and efficiency also require that the issues here involved be litigated in the District of Columbia. All of these issues were already embodied in the first action instituted by the Trusts against numerous coal companies in the District of Columbia, and these same issues are now involved in the second action instituted there by the Trusts in which Enoxy is named a defendant.
 
 
 19
 Finally, Enoxy has failed to demonstrate that it will be materially prejudiced by having to try its case in the District of Columbia rather than in the Southern District of West Virginia. The fact is that it may be the beneficiary of valuable assistance by its fifteen co-defendants in the District of Columbia case all of whom will be interested in establishing the correctness of the position sought to be asserted by Enoxy in this action.
 
 
 20
 In summary, we find no abuse of discretion on the part of the district court in dismissing this declaratory judgment action, and accordingly its judgment is
 
 
 21
 AFFIRMED.