Filed:  July 15, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 95-1038
(CA-94-505)

The Centennial Life Insurance Company,

Plaintiff - Appellant,

versus

Barbara Poston; Victor Poston,

Defendants - Appellees.

O R D E R

The Court amends its corrected opinion filed June 20, 1996, as follows:

On page 3, first full paragraph, line 17 -- the citation to Mitcheson v. Harris is corrected to read "955 F.2d 235."

For the Court - By Direction

/s/ Bert M. Montague

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE CENTENNIAL LIFE INSURANCE
COMPANY,
Plaintiff-Appellant,

v.                                          No. 95-1038

BARBARA POSTON; VICTOR POSTON,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CA-94-505)

Argued: April 4, 1996

Decided: June 20, 1996

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Ervin wrote the opinion, in
which Chief Judge Wilkinson and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Eric Wayne Iskra, SPILMAN, THOMAS & BATTLE,
Charleston, West Virginia, for Appellant. John Frederick Cyrus,
GARDNER & CYRUS, Huntington, West Virginia, for Appellees.
**ON BRIEF:** Charles L. Woody, Neva G. Lusk, SPILMAN,
THOMAS & BATTLE, Charleston, West Virginia, for Appellant.

David M. Pancake, LEVY, TRAUTWEIN & PANCAKE, Hunting-
ton, West Virginia, for Appellees.

_____

**CORRECTED OPINION**

ERVIN, Circuit Judge:

The district court dismissed Centennial Life Insurance Company's
declaratory judgment action. Because a pending state action will
resolve the issue raised in the federal action, along with a number
of
issues not raised here, we believe that the district court did not
abuse
its discretion. Therefore, we affirm the decision below.

I.

Soon after Centennial Life Insurance Company issued a health
insurance policy to Victor and Barbara Poston, it began to suspect
that
the insurance application contained material misrepresentations. A
hospital requested that Centennial authorize a liver transplant for
Vic-
tor Poston, and two days later the insurer rescinded the policy.
The
Postons objected to the notice of rescission.

On June 22, 1994, Centennial brought this diversity action in the
district court, seeking a declaration that the insurance policy was
void
based on the Postons' fraudulent misrepresentations. On August 12,
1994, Barbara Poston initiated a state court action seeking
enforce-
ment of the policy and damages, and asserting separate and alterna-
tive claims against the insurance agent. On the same day, Poston
moved to dismiss the federal action.

The district court found that the issues involved in Centennial's
declaratory judgment action could be resolved as efficiently in
state
court as in federal court, and had in fact been raised in the state
pro-
ceeding. The court thus concluded that "it should decline
jurisdiction
over this action in deference to the state court action."

II.

The Federal Declaratory Judgment Act provides that district courts
"may declare the rights and other legal relations of any interested

party seeking such declaration whether or not further relief is or could
be sought." 28 U.S.C.A. § 2201(a). This power has consistently been considered discretionary. See, e.g., Brillhart v. Excess Ins. Co., 316
U.S. 491, 494 (1942); Wilton v. Seven Falls Co., 132 L. Ed. 2d 214, 225 (1995); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937).

The Fourth Circuit has explained that a declaratory judgment action is appropriate "when the judgment will serve a useful purpose
in clarifying and settling the legal relations in issue, and . . . when it
will terminate and afford relief from the uncertainty, insecurity, and
controversy giving rise to the proceeding." Quarles, 92 F.2d at 325 (quoting Edwin M. Borchard, Declaratory Judgments 107-09 (1934)). It should not be used "to try a controversy by piecemeal, or to try par-
ticular issues without settling the entire controversy, or to interfere
with an action which has already been instituted." Quarles, 92 F.2d at 325. The Supreme Court explained that, when a related state pro-ceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy "can bet-
ter be settled in the proceeding pending in the state court." Brillhart,
316 U.S. at 495. This consideration should be guided by a number of factors, including the nature and scope of the state proceeding and "whether the claims of all parties in interest can satisfactorily be adju-
dicated in that proceeding . . . ." Id.; see also Mitcheson v. Harris, 955
F.2d 235 (4th Cir. 1992).

Guided by these general principles--as well as "the same consider-ations of federalism, efficiency, and comity that traditionally inform
a federal court's discretionary decision whether to abstain from exer-
cising jurisdiction over state-law claims in the face of parallel litiga-
tion in the state courts"--the Fourth Circuit has set forth a number of
specific factors for district courts to consider. Nautilus Ins. Co. v.
Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). These include:

> (i) the strength of the state's interest in having the issues
> raised in the federal declaratory action decided in the state

courts; (ii) whether the issues raised in the federal action can
more efficiently be resolved in the court in which the state
action is pending; [ ] (iii) whether permitting the federal

3

action to go forward would result in unnecessary "entangle-
ment" between the federal and state court systems, because
of the presence of "overlapping issues of fact or law"[; and
(iv)] whether the declaratory judgment action is being used
merely as a device for "procedural fencing"--that is, "to
provide another forum in a race for res judicata" or "to
achiev[e] a federal hearing in a case otherwise not remov-
able."

Id. at 377.

Last year the Supreme Court addressed the standards under which
a district court's decision to stay**1** a declaratory judgment action
should be made and reviewed on appeal. Wilton v. Seven Falls Co.,
132 L. Ed. 2d 214 (1995). The Court clearly reaffirmed Brillhart v.
Excess Ins. Co., 316 U.S. 491 (1942), which it described in terms
sim-
ilarly descriptive of the case before us: "An insurer, anticipating
a
coercive  suit,  sought  a  declaration  in  federal  court  of
nonliability on
an insurance policy." 132 L. Ed. 2d at 220. In Brillhart, the
district
court dismissed the action because of ongoing state litigation. The
Wilton Court understood Brillhart to stand for the proposition
that, "at
least where another suit involving the same parties and presenting
opportunities  for  ventilation  of  the  same  state  law  issues  is
pending
in state court, a district court might be indulging in `gratuitous
inter-
ference,'  if  it  permitted  the  federal  declaratory  action  to
proceed." Id.
at 221 (citation omitted). The Court concluded that district courts
in
fact possess rather wide discretion in making these decisions:

> Consistent with the nonobligatory nature of the remedy, a
> district court is authorized, in the sound exercise of its
> dis-
> cretion, to stay or to dismiss an action seeking a declaratory

---

**1** The Court minimized the distinction between a district court's
staying
of the action and an outright dismissal, because even when the
federal
action is stayed, a state court judgment ultimately would have
preclusive
effect. 132 L. Ed. 2d at 221. The Court also noted, however, that
"where
the basis for declining to proceed is the pendency of a state
proceeding,

a stay will often be the preferable course, insofar as it assures that the
federal action can proceed without risk of a time bar if the state case, for
any reason, fails to resolve the matter in controversy." <u>Id</u>. at 224 n.2.

4

judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Id. at 224. To whatever extent our previous decisions have implied further constraints on district court discretion, see, e.g., Nautilus, 15 F.3d at 375, those decisions must give way to the clear teachings of Wilton.

The Wilton Court further explained that a district court's decision to stay a declaratory judgment action is reviewed for abuse of discretion, finding that the Declaratory Judgment Act is best effectuated if district courts are "vest[ed] with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." 132 L. Ed. 2d at 225.

III.

Applying these principles[2] to the present case, we cannot find that the district court abused its discretion in dismissing without prejudice Centennial Life's declaratory judgment action. Several of the factors we have endorsed for aid in making such decisions lead to no obvious conclusion. For instance, although only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having these issues decided in state court. Also, although the federal action was filed first, we decline to place undue significance on the race to the courthouse door, particularly in this instance where Centennial had constructive notice of the Postons' intent to sue, and Barbara Poston's state filing was understandably delayed by her husband's death.

_____

[2] Because our recent decisions in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994), and Continental Cas.

<u>Co.</u>
<u>v. Fuscardo</u>, 35 F.3d 963, 965 (4th Cir. 1994), reviewed district courts'
decisions to decline jurisdiction to hear a declaratory judgment under a
<u>de novo</u> standard, we will not discuss those cases in detail here.

5

One factor, however, is particularly salient here: the state court action contains a defendant and a number of issues not present in the federal action. The Postons have asserted claims against Centennial insurance agent Jack Gottlieb, based on his representations about the insurance policy and an alleged negligent failure to procure the insurance requested. Thus, although issuance of a declaratory judgment would settle part of the controversy between the Postons and Centennial Life, it certainly would not settle the entire matter. The state litigation, on the other hand, could resolve all issues, and we note that significant discovery has already been undertaken in that action. Concern for efficiency and judicial economy clearly support the district court's decision.

Finding no abuse of discretion in the decision of the district court, we affirm.

AFFIRMED

6