## ÆTNA CASUALTY & SURETY CO. v. QUARLES et al.
### No. 4173.

Circuit Court of Appeals, Fourth Circuit.

Sept. 29, 1937.

323

James S. Bussey and Edwin D. Fulcher, both of Augusta, Ga. (W. K. Charles, of Greenwood, S. C., on the brief), for appellant.

C. A. Mays, of Greenwood, S. C., and J. Strom Thurmond, of Edgefield, S. C. (Douglas Featherstone, of Greenwood, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

On April 23, 1935, the Aetna Casualty & Surety Company issued to one H. E. Quarles a policy of automobile liability insurance, which was admittedly in effect on January 26, 1936, when his wife, Mrs. Carrie Mae Quarles, was injured while riding in the insured automobile that he was driving. Shortly after the injury she brought an action against him in a South Carolina state court to recover damages in the sum of $5,000 on account thereof. Thereafter, on June 4, 1936, the company filed suit in the court below, alleging that under the policy of insurance it was the duty of Quarles to co-operate with the company in the defense of any suit brought against him which was covered by the policy, that the suit instituted by Mrs. Quarles against her husband was collusive and was an attempt on the part of insured to have his wife obtain a judgment to be enforced against the company under the policy, and that the company had denied liability under the policy and had declined to defend the action for damages or to recognize any liability to the insured on account of her claim. Both the insured and his wife were made parties to the suit, and a declaratory judgment was asked to the effect that the company was not bound to defend the action for damages or to pay any judgment that might be recovered therein.

While the suit for declaratory judgment was pending in the court below, the action for damages was tried and Mrs. Quarles recovered judgment therein against her husband, the insured, for $5,000. The judgment not having been paid within thirty days after its rendition, she brought an action at law against the company in the court below to recover the amount of the judgment under a provision of the policy permitting, under such circumstances, suit on the policy by the person injured. After the last-mentioned action had been instituted, a motion to dismiss, which had been theretofore filed by the defendants in the suit for declaratory judgment, was brought up for hearing; and, upon the trial judge's intimating that he would allow the motion, the company filed an amendment to its bill setting up the rendition of the judgment in favor of Mrs. Quarles and the institution of the action against the company to recover the amount thereof under the terms of the policy. The motion to dismiss was thereupon renewed and was allowed, upon the ground that the granting of a declaratory judgment was a matter resting in the court's sound discretion and that the situation was not one which justified the granting of the relief prayed in the exercise of that discretion. As a basis for this action the court found that the company had already acted upon its conception of its rights by declining to defend the action brought by Mrs. Quarles against her husband, that the controversy was one that could more properly be adjudicated in the action at law which Mrs. Quarles had instituted and which the company saw in prospect when it filed its bill, and that a declaration of the rights of the parties would not necessarily dispose of the entire controversy.

We think that the action of the judge was clearly correct. The federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400) is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction. Aetna

Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. This being true, there is no ground for applying the settled rule, well stated in Cohens v. Virginia, 6 Wheat. 264, 404, 5 L. Ed. 257, that the courts may not decline the exercise of jurisdiction conferred upon them. The question is not as to whether jurisdiction shall be assumed but as to whether, in exercising that jurisdiction, a discretion exists with respect to granting the remedy prayed for. No one would question the power of the federal courts to grant injunctions in proper cases; but nothing is better settled than that whether or not injunctive relief shall be granted is a matter resting in the sound discretion of the trial judge.[1] The same is true of specific performance[2] and of the legal remedy of mandamus.[3] The declaring of "rights and other legal relations" without executory or coercive relief is an extraordinary remedy, the granting of which, like the remedies mentioned, should certainly rest in the sound discretion of the court because of the liability of abuse to which it might otherwise be subjected.

The Uniform Declaratory Judgment Act expressly provides for the exercise of discretion (section 6) as does the New York Civil Practice Act and the Rules adopted thereunder (section 473; rule 212). And the rule is well settled under the English statute and court rules that the granting of declaratory relief is a matter resting in the court's discretion. Russian Commercial Industrial Bank v. British Bank, 90 L.J.K.B.N.S. 1089, 19 A.L.R.. 1101. Prof. Borchard points out that these statutory provisions "merely embody the established Anglo-American practice in all jurisdictions." Declaratory Judgments, p. 100. While the federal act does not expressly provide that the granting of declaratory relief shall rest in the court's discretion, this is clearly implied from the fact that it merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists. The Report of the Judiciary Committee of the Senate states that there is a discretion under the statute "not to issue the judgment if it will not finally settle the rights of the parties," and, further, that "while the procedure is neither distinctly at law or in equity, but sui generis, the Supreme Court could probably at any time make rules under its equity power, if it saw fit." Senate Report No. 1005, 73d Cong., 2d Sess. And in every case in which the question has been raised the holding has been that the granting of relief under the federal act is a matter resting in the sound discretion of the court. New York Life Ins. Co. v. London (D.C.) 15 F.Supp. 586, 590; New Discoveries v. Wisconsin Alumni Research Foundation (D.C.) 13 F.Supp. 596, 599; Automotive Equipment Co. v. Trico Products Corporation (D.C.) 11 F.Supp. 292, 294, 295; Zenie Bros. v. Miskend (D.C.) 10 F.Supp. 779, 782; note, 32 Ill.Law Review 248.

As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation, however, the discretion to grant or refuse the declaratory relief "is a judicial discretion, and must find its basis in good reason," and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states. See Associated Indemnity Corp. v. Manning (D.C.) 16 F.Supp. 430.

[1] Cavanaugh v. Looney, 248 U.S. 453, 456, 39 S.Ct. 142, 63 L.Ed. 354; Clark v. Wooster, 119 U.S. 322, 325, 7 S.Ct. 217, 30 L.Ed. 392; Star-Chronicle Pub. Co. v. New York Evening Post (C.C.A. 2d) 256 F. 435, 444; 32 C.J. 29.

[2] Pope Manufacturing Co. v. Gormully, 144 U.S. 224, 236, 12 S.Ct. 632, 36 L. Ed. 414; Hennessy v. Woolworth, 128 U.S. 438, 442, 9 S.Ct. 109, 32 L.Ed. 500; 58 C.J. 857.

[3] Ex Parte Skinner & Eddy Corporation, 265 U.S. 86, 95, 44 S.Ct. 446, 68 L.Ed. 912; U. S. ex rel. Arant v. Lane, 249 U.S. 367, 391, 39 S.Ct. 293, 63 L.Ed. 650; Duncan Townsite Company v. Lane, 245 U.S. 308, 311, 38 S.Ct. 99, 62 L.Ed. 309; 38 C.J. 546.

■ As pointed out in a recent article (American Bar Association Journal, vol. XXIII p. 553 et seq.), the remedy prescribed by the Declaratory Judgment Act may furnish a convenient and appropriate remedy for use in many cases where a controversy has arisen over the coverage of an automobile liability insurance policy; but the question in the case at bar relates not to the coverage of the policy but to the bona fides of a suit which had been instituted against the insured and which the company had been called upon to defend. When the original bill was filed, the real question as to which the company sought a declaratory judgment was whether it would have a good defense under the policy to an action growing out of a judgment against the insured in the action in the state court, because of the collusive nature of that action, if judgment should be rendered against him therein. We need not consider the right to relief at that stage of the proceedings, however, as the amended bill alleged that judgment had already been obtained in the state court and action had been instituted against the company to recover on the policy the amount of the judgment. The declaratory judgment was sought under the bill as amended, therefore, merely for the purpose of determining the validity of a defense which the company was asserting in the action against it and which could be equally well determined in that action. The granting of the declaratory relief would have meant a piecemeal trying of the controversy without benefit to any one. Under such circumstances the court properly exercised its discretion in refusing to entertain the bill. It is well settled that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases. 1 C.J.S., Actions, 1024, 1031; Borchard, Declaratory Judgments, 110; Northeastern Marine Engineering Company v. Leeds Forge Company (1906) 1 Ch. 324, affirmed (1906) 2 Ch. 498; Slowmach Realty Company v. Leopold, 236 App.Div. 330, 258 N.Y.S. 500.

■ The company seems to think that by asking a declaratory judgment it became entitled to a trial in equity without a jury and that this is a sufficient reason for granting declaratory relief notwithstanding the institution of the action on the policy; but this is clearly not the case as the defense to determine which the declaratory judgment was sought was legal and not equitable in character. Where the issues raised in a proceeding for a declaratory judgment are of this nature, they must be tried at law if either party insists upon it, for the statute so provides. 28 U.S.C.A. § 400(3). And, irrespective of this provision of the statute, it is clear that the right of jury trial in what is essentially an action at law may not be denied a litigant merely because his adversary has asked that the controversy be determined under the declaratory procedure.

■ The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i. e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships. Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted. As was well said by Professor Borchard (Declaratory Judgments 107-109):

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps, as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused when it is 'not necessary or proper at the time under all the circumstances.' * * * The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will

be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration."

Affirmed.