**AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,**
Plaintiff,

v.

**Jeffrey WEESE, Defendant.**

Civ. A. No. 2:94–0463.

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 15, 1994.

David P. Cleek and Jenny A. Bonham Cleek, Pullin, Knopf & Fowler, Charleston, WV, for plaintiff.

J. Michael Ranson and Cynthia Morrone Salmons Ranson Law Offices, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendant, Jeffrey Weese's motion to dismiss and Plaintiff, American National Property and Casualty Company's motion to strike Defendant's motion to dismiss. Plaintiff filed its complaint seeking declaratory judgment with this Court on June 14, 1994. Defendant filed its motion to dismiss in lieu of an answer on July 5, 1994. Plaintiff responded and moved to strike Defendant's motion on July 13, 1994. Plaintiff then filed a second response, apparently revising its earlier response, on July 21, 1994. Defendant has not replied and the reply period has lapsed.[1]

Defendant was injured in an automobile accident. Defendant thereafter instituted suit in the Circuit Court of Kanawha County, West Virginia, alleging tort claims against the driver of the other vehicle involved in the accident. Defendant's state court suit was filed February 14, 1994. Thereafter, Defendant sought payment of underinsured motorist coverage benefits from the Plaintiff insurance company. Plaintiff apparently sought to increase the amount of underinsured motorist coverage stated in his policy by "stacking" his policy limit with that of other family members also insured by Plaintiff. Plaintiff filed this action to declare the parties' respective underinsured motorist coverage

---

1. Pursuant to *Local Rule of Civil Procedure* 4.01(c) (formerly embodied in *Local Rule of Practice and Procedure* 2.03), "[a]ny reply memoranda shall be filed with copies to the judicial officer and served upon opposing counsel ... within seven business days from the date of service of the memorandum in response to the motion."

rights and obligations pursuant to the insurance contract.

■ In the instant motion to dismiss, Defendant urges the Court to exercise its discretion to decline to adjudicate the declaratory judgment action. Defendant acknowledges this Court has diversity jurisdiction in the action because the parties are from different states and the amount in controversy exceeds $50,000.00.[2] Title 28 U.S.C. § 1332. Nonetheless, Defendant cites to the Declaratory Judgment Act, 28 U.S.C. § 2201, which states, in pertinent part: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added). As our Court of Appeals has stated, "federal courts have discretion in deciding whether to hear a declaratory judgment action." *Mitcheson v. Harris,* 955 F.2d 235, 237 (4th Cir.1992).

In *Mitcheson, supra,* the Court of Appeals held that the district court should have exercised its discretion to *decline* to exercise jurisdiction over a declaratory judgment action. More recently, in *Nautilus Insurance Company v. Winchester Homes Incorporated,* 15 F.3d 371 (4th Cir.1994), the Court of Appeals clarified the holding in *Mitcheson* when it reversed a district court's decision to dismiss a declaratory judgment action. *See also Monticello Ins. Co. v. Baecher,* 857 F.Supp. 1145 (E.D.Va.1994). In *Nautilus,* the Court of Appeals discussed the limitations of a trial court's "discretion to decline to entertain a declaratory judgment action that is otherwise properly within its jurisdiction." *Id.* at 375, *citing Public Affairs Assoc., Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962); *Brillhart v. Excess Ins. Co. of America,* 316 U.S.

491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The *Nautilus* Court stated,

"a district court may not refuse to entertain a declaratory judgment action out of 'whim or personal disinclination' *Rickover,* 369 U.S. at 112, 82 S.Ct. at 582, but may only do so for 'good reason.' *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir.1937)[.]" *Id.* at 375.

Relying heavily on the holding in *Aetna Casualty & Surety Company v. Quarles,* 92 F.2d 321, 324–25 (4th Cir.1937), the *Nautilus* Court concluded a district court must exercise its discretion to hear declaratory actions liberally, stating:

"the remedial discretion conferred by the Declaratory Judgment Act must be liberally exercised to effectuate the purposes of the statute, [such] that a federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 375. (internal quotations omitted).

■ The *Nautilus* Court described the weighing a district court must undertake to determine whether to hear a declaratory judgment action as follows:

"when a federal court is confronted with an insurer's request for a declaratory judgment on coverage issues during the pendency of related litigation in the state courts, its discretion must be guided not only by the criteria outlined in *Quarles,* which focus on the general utility of the declaratory relief sought, but also by the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising juris-

---

2. 28 U.S.C. § 1332 states, in pertinent part:
  "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

diction over state-law claims in the face of parallel litigation in the state courts." [3] *Id.* at 376, citing, *Mitcheson, supra* at 237–41. Relying on *Mitcheson, supra* at 237–40, the *Nautilus* Court outlined four specific considerations to be utilized by district courts when discretionary jurisdiction questions arise in a declaratory judgment action:

"(i) the strength of the state's interest in having the issues raised in the federal declaratory action decided by the state courts;

"(ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;

"(iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law[;]'

"(iv) whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable." *Id.* at 377.

The Court will discuss each consideration in turn.

## I.

### *QUARLES* FACTORS

■ The Court easily concludes this action meets the initial declaratory judgment criteria outlined in *Quarles, supra.* The Plaintiff seeks to determine the parties' rights under the insurance contract. The parties appear to have varying interpretations of contract provisions and/or the applicable law. Deter-

mination of the parties rights by this Court will alleviate any uncertainty as to the parties contractual obligations and/or rights. This action, therefore, "will serve a useful purpose in clarifying and settling the legal relations in issue", and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Quarles, supra* at 324–25.

## II.

### A.

### STATE'S INTEREST

■ Perhaps the most important consideration in this action is whether a compelling state interest is present. Plaintiff admits this action is controlled by application of West Virginia law. Plaintiff's complaint at ¶ 28. Even where questions of state law govern all issues of insurance coverage, however, "that alone provides no reason for declining to exercise federal jurisdiction." *Nautilus, supra* at 378. For the state's interest to be "compelling," the questions of state law must rise to the level of "difficult, complex, or unsettled." *Id.* at 378.

■ In *Mitcheson, supra,* the state law questions raised were "close, difficult, [and] problematic[,]" and the Court of Appeals dismissed the action; *Nautilus, supra,* in contrast, involved "the routine application of settled principles of law to particular disputed facts." (footnote omitted). *Nautilus, supra* at 378. Defendant does not assert here the questions of state law are "difficult, complex or unsettled." Plaintiff, on the other hand, contends the West Virginia law to be applied is clear.[4] Because no "difficult, complex or

---

3. *Cf., Arizona v. San Carlos Apache Tribe of Arizona,* 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983); *Moses H. Cone Memorial Hosp. v. Mercury Const. Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation Distr. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Richmond, Fredericksburg & Potomac R. Co. v. Forst,* 4 F.3d 244 (4th Cir.1993); *Chempower, Inc. v. Robert McAlpine, Ltd.,* 849 F.Supp. 459 (S.D.W.Va.1994) (Haden, C.J.); *Tweel v. Frankel,* 444 F.Supp. 1071 (S.D.W.Va.1978) (Haden, J.).

4. Plaintiff asserts in its complaint it is entitled to declaratory judgment determining its obligations

pursuant to the insurance contract issued to the Defendant. Plaintiff asserts Defendant is not permitted the benefits of his "stacking" underinsured motorist coverage with the underinsured motorist coverage of other family members because he was given a multi-car discount. This facet of West Virginia law appears to be guided by *Syllabus* Point 5 of *Russell v. State Automobile Mutual Insurance Company,* 188 W.Va. 81, 422 S.E.2d 803 (1992), which states:

"West Virginia Code § 33–6–31 (1992) does not forbid the inclusion and application of an anti-stacking provision in an automobile insurance policy where a single insurance policy is

unsettled" questions of West Virginia law are readily apparent, this Court concludes West Virginia has no compelling state interest in retaining jurisdiction over this action.

## B.

### EFFICIENCY

■ Our Court of Appeals has urged a "careful inquiry into 'the scope of the pending state court proceeding[s],' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.'" *Nautilus, supra* at 378–79 *citing Brillhart, supra,* 316 U.S. at 495, 62 S.Ct. at 1176, 86 L.Ed. at 1625. As in *Nautilus,* the basic dispute in this court differs from the tort action in state court. In the state tort action, Defendant seeks damages from the tortfeasor from the tortfeasor's alleged negligence. In the instant action for declaratory relief, on the other hand, Plaintiff seeks a declaration of its obligation concerning the amount of coverage allocable the Defendant under the insurance policy. Plaintiff is not a party to the state court action, and it is unclear whether Plaintiff can be brought into the tort action at this stage in those proceedings. Therefore, it cannot be said the issues raised in the declaratory judgment action can be addressed in state court more efficiently.

It is possible the state court system could resolve the issues raised herein in some yet-to-be-filed state court action; however,

"it is well settled that the mere availability of another adequate remedy does not preclude federal declaratory relief, *see* Fed. R.Civ.Proc. 57, and that a federal court may properly decline to entertain a declaratory judgment action because of the availability of another adequate remedy only if

it finds that the availability of the other remedy would be a 'more effective or efficient' means of resolving the controversy. *See* 6A *Moore's Federal Practice* ... ¶ 57.08[3], at 57–42 through 57–44." *Nautilus, supra* at 379.

Because the state court has not been confronted with the issues involved in this declaratory judgment action, it is difficult to see how the state court could resolve this action more effectively or efficiently.

## C.

### ENTANGLEMENT

■ "[W]here many of the issues of law and fact sought to be adjudicated in the federal declaratory action are already being litigated by the same parties in the related state court action[,]" *Nautilus, supra* at 379, *citing Mitcheson, supra,* the issues in the two action may become "entangled" to such an extent that the issues presented in the declaratory action should be decided by the state court. It does not appear that any of the insurance coverage issues presented herein are involved in the state court tort action. Thus, no entanglement will occur if this Court resolves the declaratory judgment action.

## D.

### PROCEDURAL FENCING

■ Defendant asserts Plaintiff is seeking a federal forum for an otherwise nonremovable case. It is true the underlying tort action is not removable. Defendant fails, however, to assert any issues already pending in state court this Court could decide in the instant action. Where "a dispute [is] separate and independent from the ongoing litigation in the state courts, [it is] particularly appropriate for early resolution in a declaratory action." *Nautilus, supra* at 380, *citing ACandS, Inc. v. Aetna Cas. & Sur.*

issued by a single insurer and contains an underinsured endorsement even though the policy covers two or more vehicles. Under the terms of such a policy, the insured is not entitled to stack the coverages of multiple vehicles and may only recover up to the policy limits set forth in the single policy endorsement."

The Court acknowledges the West Virginia Supreme Court of Appeals's decision in *Russell,* addresses stacking only in the case of a multi-car discount given under a single policy. In this case, a multi-car discount appears to have been given for cars covered by separate policies. *Cf. Allstate Ins. Co. v. Ashley,* 833 F.Supp. 583, 585–86 (S.D.W.Va.1993) (Haden, C.J.).

*Co.*, 666 F.2d 819, 823 (3rd Cir.1981). Simply put, this issue involves determination of an amount of coverage under Defendant's insurance policy. There is no factual or legal issue pending in the state court action that will be affected by the determination of declaratory relief. Therefore, the Court concludes Plaintiff has not filed this action for purposes of procedural fencing.

### III.

### CONCLUSION

After careful weighing of the factors outlined in *Nautilus, supra,* the Court concludes this action is appropriately subject to the jurisdiction of this Court. Therefore, Defendant's motion to dismiss is **DENIED.** Moreover, this Court declines to strike Defendant's motion as requested by Plaintiff. Thus, Plaintiff's motion to strike is likewise **DENIED.** Defendant shall have fourteen days to file his answer.