**ASTORG MOTOR CO., a corporation, Plaintiff,**

v.

**WESTFIELD INSURANCE CO., a corporation, Defendant.**

**Civ. A. No. 6:94–0770.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Nov. 2, 1994.

H.F. Salsbery, Jr., Salsbery & Shaffer, Charleston, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the Defendant's motion to dismiss pursuant to 28 U.S.C. § 2201(a). For reasons that follow, the Defendant's motion is **DENIED.**

### I

Donna V. Thompson filed an action in the Circuit Court of Wood County, West Virginia, alleging Astorg Motor Co. was negligent in the repair of her 1983 model Mercedes–Benz automobile, as a result of which she suffered damages. Defendant Westfield Ins. Co. assumed Astorg Motor Co.'s defense of Thompson's action and assigned the defense to an attorney. That attorney advised Plaintiff Astorg Motor Co. the insurance policy provided by the Defendant provided no coverage for Thompson's claim with the exception of Thompson's claim for loss of use. The attorney then notified Astorg he would remain in the case solely to defend against Thompson's claim for loss of use.

Astorg brought this action here under diversity jurisdiction, praying for a declaratory judgment mandating Westfield's obligation to provide a complete defense pursuant to the insurance contract between the parties. In addition to its prayer for declaratory judgment, the Plaintiff also has alleged claims based on promissory and equitable estoppel, bad faith and breach of covenant of good faith and fair dealing, and breach of the West Virginia Unfair Claims Practices Act. The Defendant moved to dismiss arguing this Court should abstain from hearing the dispute.

### II

Under the Declaratory Judgment Act, any court of the United States, "[i]n a case of actual controversy within its jurisdiction ..: upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The statute provides the federal courts with discretion to hear a declaratory judgment action. *Mitcheson v. Harris,* 955 F.2d 235, 237 (4th Cir.1992). "This discretion is not unbounded, however: a district court may not refuse to entertain a declaratory judgment action out of 'whim or personal disinclination,' [*Public Affairs Assoc., Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) ], but may do so only for 'good reason.' *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir.1937)." *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 375 (4th Cir.1994).

The traditional analysis used in this Circuit to determine whether to abstain from hearing a declaratory judgment action was expressed in *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321 (4th Cir.1937). The Court of Appeals, quoting Professor Borchard (Declaratory Judgments 107–109 (1934)), stated

[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and

settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*Quarles,* 92 F.2d at 325.

In *Nautilus Ins. Co. v. Winchester Homes, Inc.,* our Court of Appeals "examined and reconciled the main Fourth Circuit cases that are determinative [of a court's discretion over declaratory judgment actions]: *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321 (4th Cir.1937); *Stout v. Grain Dealers Mut. Ins. Co.,* 307 F.2d 521 (4th Cir.1962); *White v. National Union Fire Ins. Co.,* 913 F.2d 165 (4th Cir.1990); and [*Mitcheson v. Harris,* 955 F.2d 235 (4th Cir.1992) ]." *Continental Casualty Co. v. Fuscardo,* 35 F.3d 963, 966 (4th Cir.1994). The Court

emphasized that *Mitcheson* did not change the rule set out in *Quarles* and followed in *White,* but rather allowed for the consideration of additional factors such as federalism, efficiency and comity ... 'that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts.'

*Id.* (quoting *Nautilus,* 15 F.3d at 376).[1]

In *Continental Casualty Co. v. Fuscardo,* the Court further clarified a district court's discretion to hear a declaratory action noting that *Nautilus* had

reiterated the considerations mandated by the additional concerns of federalism, comity and efficiency described in *Mitcheson* and added a new related consideration. The factors that a court must consider pursuant to the *Nautilus* decision include the following: 1) the strength of the state's interest in having the issues raised in the

federal declaratory action decided in the state court; 2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; 3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and 4) whether the federal action is being used merely as a device for 'procedural fencing,' i.e., to provide another forum in a race for res judicata.

*Fuscardo,* 35 F.3d at 966 (citing *Nautilus,* 15 F.3d at 377). "The critical question, then is whether—on the facts of the case—the additional considerations of federalism, efficiency, and comity discussed above are sufficiently compelling to justify a refusal to exercise jurisdiction, despite the obvious utility of the declaratory relief sought." *Nautilus,* 15 F.3d at 377.

Applying the traditional *Quarles* analysis and the four *Mitcheson–Nautilus* factors, the Court concludes jurisdiction should be exercised to

issue the declaration of rights and duties [sought], unless the considerations of federalism, efficiency, and comity outlined in *Mitcheson* [and *Nautilus* ] are strong enough to overcome the federal policy in favor of awarding declaratory relief where it will 'serve a useful purpose in clarifying and settling legal relations in issue' and 'afford relief from the uncertainty, insecurity, and controversy giving rise to the controversy.'

*Nautilus,* 15 F.3d at 380 (quoting *Quarles,* 92 F.2d at 324 (internal quotations omitted)).

### A

This action meets the initial declaratory judgment criteria outlined in *Quarles,* 92 F.2d at 324. This action presents issues similar to those addressed by this Court in

---

1. In *Nautilus,* our Court of Appeals stated *Mitcheson* held

only that when a federal court is confronted with an insurer's request for a declaratory judgment on coverage issues during the pendency of related litigation in state courts, its discretion must be guided not only by the criteria outlined in *Quarles,* which focus on the general utility of the declaratory relief sought,

but also by the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the federal courts.

*Nautilus,* 15 F.3d at 376 (citing *Mitcheson,* 955 F.2d at 237–41).

American National Property and Casualty Co. v. Weese, 863 F.Supp. 297 (S.D.W.Va. 1994) (Haden, C.J.). As in Weese,

> the parties appear to have varying interpretations of contract provisions and/or applicable law. Determination of the parties' rights by this Court will alleviate any uncertainty as to the parties' contractual obligations and/or rights. This action, therefore, 'will serve a useful purpose in clarifying and settling the legal relations in issue', and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' Quarles, supra at 324–25.

Id., 863 F.Supp. at 299–300.

**B**

The first Mitcheson–Nautilus factor to be considered is "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." Nautilus, 15 F.3d at 377. "[A] requirement that the state law issues be 'difficult' or 'unsettled' is implicit in Mitcheson, which emphasized repeatedly that the particular state-law questions raised were 'close,' 'difficult,' and 'problematic.'" Nautilus, 15 F.3d at 378. However, it is not enough that "questions of state law govern all issues of insurance coverage, ... 'that alone provides no reason for declining to exercise federal jurisdiction.'" Weese, 863 F.Supp. at 300 (quoting Nautilus, 15 F.3d at 378).

In this action, questions of West Virginia state law govern. The application of West Virginia law, however, does not require the resolution of 'close', 'difficult', or 'problematic' issues of law. Neither party has argued that the West Virginia law to be applied in this case is close, complex, or problematic. Instead, this case apparently presents a controversy where, as in Weese, Nautilus, and Fuscardo, "the questions of state law involve the application of relatively settled principles of law to particular disputed facts." Fuscardo, 35 F.3d at 967. As such, the state has no compelling interest in retaining jurisdiction over this action.

**C**

The second Mitcheson–Nautilus factor to be considered is "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending." Nautilus, 15 F.3d at 377. This factor requires a federal court to "analyze whether its resolution of the declaratory action will settle all aspects of the legal controversy." Mitcheson, 955 F.2d at 239. The Supreme Court also has directed the courts "focus primarily on 'whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding[s]' that are already 'pending in the state court[s].'" Nautilus, 15 F.3d at 378 (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942)). In turn, this requires an analysis of the scope of the pending state court proceedings "including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.'" Nautilus, 15 F.3d at 378–79 (quoting Brillhart, 316 U.S. at 495, 62 S.Ct. at 1175). See Fuscardo, 35 F.3d at 967; Weese, 863 F.Supp. at 300.

As in Nautilus and Weese, the basic dispute in this action differs from the tort action in state court. In the state court action, Thompson, who is not a party to the instant case, seeks damages from Astorg for its alleged negligence. In this federal action, on the other hand, Astorg seeks a declaration of Westfield's obligation to defend pursuant to the parties' insurance contract. Thompson, the plaintiff in the underlying state case, is not a party to this action. Likewise, Westfield is not a party to the state court action, and it is problematic whether Defendant can be brought into the tort action at this stage. Unlike Fuscardo, there is no state court proceeding already exercising jurisdiction capable of entertaining a state declaratory judgment action that would have provided the same benefits. Fuscardo, 35 F.3d at 967. Thus, as in Weese, "it cannot be said the issues raised in the declaratory judgment

action can be addressed in the state court more efficiently." *Weese,* 863 F.Supp. at 300.

It is possible West Virginia could resolve the issues raised here in some yet-to-be-filed state court action. However, as this Court previously noted in *Weese,*

> it is well settled that the mere availability of another adequate remedy does not preclude federal declaratory relief, *see* Fed. R.Civ.Proc. 57, and that a federal court may properly decline to entertain a declaratory judgment action because of the availability of another adequate remedy only if it finds that the availability of the other remedy would be a 'more effective or efficient' means of resolving the controversy. *See* 6A *Moore's Federal Practice* ... ¶ 57.08[3], at 57–42 through 57–44.

*Id.* (citing *Nautilus,* 15 F.3d at 379). "Because the state court has not been confronted with the issues involved in this declaratory action, it is difficult to see how the state court could resolve this action more effectively or efficiently." *Id.* 863 F.Supp. at 301.

**D**

The third *Mitcheson–Nautilus* factor to be considered is "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law.'" *Nautilus,* 15 F.3d at 377. Our Circuit Court has noted "[i]n many declaratory actions brought to resolve a duty to defend ... an insured in a controversy already the subject of state court litigation, there will be overlapping issues of fact or law between the state and federal actions." *Mitcheson,* 955 F.2d at 239. However, "[u]nlike *Mitcheson,* this is not a case where many of the issues of law and fact sought to be adjudicated in the federal declaratory action are already being litigated by the same parties in the related state court action[ ]." *Nautilus,* 15 F.3d at 379.

As in *Nautilus,* the issues being litigated in the state court action are quite different from those being litigated in the federal declaratory judgment action. Additionally, as noted above, the disputes in state and federal courts do not involve the same parties. As in *Weese,* it does not appear that the coverage issues presented here are involved in the state court tort action. Accordingly, no entanglement will occur if this Court resolves the declaratory judgment action.

**E**

The fourth *Mitcheson–Nautilus* factor to be considered is "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'" *Nautilus,* 15 F.3d at 377 (quoting 6A *Moore's Federal Practice* ¶ 57.08[5] (2nd ed. 1993)). *See Fuscardo,* 35 F.3d at 968. The concern under this factor is whether "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Nautilus,* 15 F.3d at 380. However, in this action, different issues have been raised in state and federal court. Where "a dispute [is] separate and independent from the ongoing litigation in the state courts, [it is] particularly appropriate for early resolution in a declaratory action." *Weese,* 863 F.Supp. at 301 (quoting *Nautilus,* 15 F.3d at 380). Because there is no factual or legal issue pending in state court that will be affected by the determination of declaratory relief, this Court concludes Plaintiff has not filed this action for purposes of procedural fencing. *Id.*

**III**

After weighing the factors outlined in *Quarles* and in *Mitcheson* and *Nautilus,* the Court concludes that this action is appropriately subject to its jurisdiction. The concerns of the *Mitcheson–Nautilus* factors for federalism, efficiency, and comity do not outweigh the *Quarles* factors which favor the exercise of federal jurisdiction in declaratory actions such as the instant one. The Defendant's motion to dismiss is **DENIED.**