HARTFORD FIRE INSURANCE
COMPANY, Plaintiff,

v.

KINSTON PLUMBING AND HEATING
COMPANY, INC., Central Heating and
Air Conditioning of Kinston, T & H
Electrical Corporation, and Fireman's
Insurance Company of Newark, New
Jersey, and Leader Construction Compa-
ny, Inc., Defendants.

No. 4:94–CV–18–BO–3.

United States District Court,
E.D. North Carolina,
New Bern Division.

Nov. 4, 1994.

Clyde H. Harrett, Ogletree, Deakins, Nash, Smoak & Stewart, Raleigh, NC, for plaintiff.

John E. Bugg, Durham, NC, for Kinston Plumbing, Central Heating, and T & H Elec.

Hubert Humphrey, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, for Fireman's Ins. Co.

*ORDER*

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on motion of the defendant Firemen's Insurance Company (Firemen's) to dismiss. The plaintiff brought the action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 and 1332. Firemen's asserts that the Court should dismiss the case pursuant to its discretionary power under 28 U.S.C. § 2201, and that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the parties are improperly aligned.

At the outset, the Court finds that the plaintiff has claims against each named defendant in this action, including its insured,

Leader Construction Company. Therefore, the parties are properly aligned, and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The plaintiff filed this action seeking a declaratory judgment as to the rights and obligations of the parties under a Labor and Material Payment Bond and Performance Bond ("the bonds"). The underlying facts of the case involve an agreement for construction of the Carteret County Jail in Carteret County, North Carolina. Carteret County entered into several agreements with various companies to be general contractor for the project. These general contractors, who contracted directly with the county, were co-contractors, working independently of each other on the project. One such agreement was with Leader Construction Company to be a general building contractor. As a result of that agreement, the plaintiff, Hartford Fire Insurance Company, issued the bonds for Leader to protect the county, subcontractors, and suppliers with regard to the work performed by Leader. Another company was D.L. Johnson, the general electrical contractor. Pursuant to the Johnson agreement, Firemen's became a surety for Johnson. Subsequently, Johnson defaulted on the contract and Firemen's took over, hiring T & H Electrical Corporation to complete the job. Thus, Firemen's is subrogated to Johnson's rights.

Disputes arose between Carteret County and Leader during the construction of the jail, and Leader ceased performance. As a result, the plaintiff was put on notice that claims would be filed against Leader by Leader's co-contractors, subcontractors, and suppliers involved in the construction. Currently, the plaintiff has actions pending against Leader in the Wilmington and Fayetteville Division of this Court, as well as numerous state courts. As surety, the plaintiff seeks to determine the rights and obligations of all parties under the bonds.

The plaintiff seeks a declaratory judgment from the Court determining the plaintiff's liability to the co-contractors, which the plaintiff asserts are not covered under the bonds. According to the plaintiff, the bonds issued only protect Leader's subcontractors and suppliers. However, the plaintiff also seeks a declaratory judgment determining Leader's obligation to indemnify the plaintiff, should the co-contractors be allowed to recover under the bonds.

There is no dispute that the co-contractors are allowed to recover from Leader for the damages they have incurred as a result of Leader's default on its contract with Carteret County. *See* N.C.Gen.Stat. § 143–128; *Bolton Corp. v. T.A. Loving Co.*, 94 N.C.App. 392, 380 S.E.2d 796, *rev. denied*, 325 N.C. 545, 385 S.E.2d 496 (1989).

The issue before this Court is whether the co-contractors are allowed to recover from the plaintiff, who is the surety of the defaulting contractor. No North Carolina appellate courts have addressed this specific issue, and there is conflicting authority among the states which have addressed it. *See, e.g., Hanberry Corp. v. State Bldg. Comm.*, 390 So.2d 277 (Miss.1980); *M.G.M. Constr. Corp. v. New Jersey Educational Facilities Authority*, 220 N.J.Super. 483, 532 A.2d 764 (1987); *Moore Construction Co. v. Clarksville Dept. of Electricity*, 707 S.W.2d 1 (Tenn. Ct.App.1985). If a North Carolina court entertained this action, it would face an issue of first impression. In light of the conflicting decisions of the other states, this court cannot determine with any degree of certainty how the North Carolina courts would rule.

Considering the novelty of the issue, the Court relies on the precedent set in *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir.1992) and *Nautilus Insurance Company v. Winchester*, 15 F.3d 371 (4th Cir.1994), to control its decision of whether to retain or decline jurisdiction. These two cases had opposite results, but the analyses were substantially identical. Applying these facts to the analyses of the cases, this Court concludes that it should exercise the discretion provided by 28 U.S.C. § 2201 and decline jurisdiction.

■ The Declaratory Judgment Act states "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such a declaration, whether or not fur-

ther relief is or could be sought." (emphasis added). The discretionary power afforded by the statute allows the court to exercise its own judgment in deciding whether to retain or dismiss such an action. As a result, the case law in this area remains in a constant state of flux.

 Fortunately, the Fourth Circuit has recently addressed this area of the law and has enumerated a straightforward analysis for courts to follow in determining whether to exercise jurisdiction over declaratory judgment cases. *See Mitcheson,* 955 F.2d at 237–40; *Nautilus,* 15 F.3d at 375–377. The Court should consider, as a whole, the following factors:

1. Whether the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue;

2. Whether exercising jurisdiction will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding;

3. Whether the state has a strong interest in having the issues raised decided in its state courts;

4. Whether the issues raised can be more efficiently resolved in the court in which the state action is pending;

5. Whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law;

6. Whether the declaratory judgment action is being used merely as a device to achieve a federal hearing in a case otherwise not removable.

*See Nautilus,* 15 F.3d at 375–77; *Mitcheson,* 955 F.2d at 237–40; *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 324–25 (4th Cir.1937). Applying this analysis, the Court finds that the state's strong interest in having this issue decided in its own courts controls the outcome of this case.

The first concern supporting dismissal of the declaratory action is the state's interest in deciding questions of state law—an interest that not surprisingly has its jurisprudential roots in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] (1938). As was well established by *Erie* and its progeny, state law ordinarily provides the rule of decision in pure diversity cases. There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case.

*Mitcheson,* at 237. Since no North Carolina appellate court has determined a substantive rule regarding the rights of a contractor under a co-contractor's surety bond, the "most authoritative voice" has not spoken. This Court has the discretionary power to allow the state court to speak first on this important aspect of contract and insurance law, and will do so.

If the Court retained jurisdiction, the Court would be forced to speculate as to how the North Carolina courts may rule. The fifth factor in the analysis involving entanglement between the federal and state courts guards against such a result. "Absent a strong countervailing federal interest, the federal court here should not elbow its way into this controversy to render what may be an 'uncertain and ephemeral interpretation of state law.'" *Id.* at 238 (quoting *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 122, 104 S.Ct. 900, 920, 79 L.Ed.2d 67 (1984)).

 The Court finds that the controlling issue in this declaratory action is whether a contractor may have rights of recovery under the surety bond of co-contractor. The law applicable to this action is North Carolina law, and the issue is one of first impression in that state. Therefore, the state's interest in deciding this issue is crucial. It would cause unnecessary entanglement between the federal and state courts if the issue were decided first by this Court. Thus, the Court will exercise the discretion afforded by 28 U.S.C. § 2201, and decline jurisdiction over this action.

Accordingly, the defendant Firemen's motion to dismiss is ALLOWED.