**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2506

CLAUDE S. CARPENTER,

Plaintiff - Appellant,

versus

COUNTY SCHOOL BOARD, Fairfax County; DANIEL A.
DOMENECH; JANICE A. WHITFIELD; TERESA M.
MATARAZZO; JOAN T. SHETTERLY,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (CA-03-1151-A)

Submitted: July 28, 2004          Decided: August 19, 2004

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wendu Mekbib, LAW OFFICES OF WENDU MEKBIB, Vienna, Virginia, for
Appellant. Thomas J. Cawley, Sona Rewari, HUNTON & WILLIAMS,
L.L.P., McLean, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Claude S. Carpenter appeals a district court order dismissing under Fed. R. Civ. P. 12(b)(6) his complaint alleging a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 (2000) ("ADEA") and several state law claims. We affirm.

We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003). A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations set forth in the complaint must be accepted as true, Zinermon v. Burch, 494 U.S. 113, 118 (1990), and we must view those allegations in the light most favorable to the plaintiff. Scheurer v. Rhodes, 416 U.S. 232, 236 (1974). This court's inquiry on appeal is solely whether the "pleadings adequately state a set of facts which, if proven to be true, would entitle [the plaintiff] to judicial relief." Duckworth, 332 F.3d at 772.

As an initial matter, we find the district court did not improperly convert the defendant's motion to dismiss to one for summary judgment. The court properly requested of Carpenter facts supporting the complaint's conclusory allegations. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761 (4th Cir.), cert denied,

124 S. Ct. 301 (2003). As we stated in <u>Bass</u>, "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." <u>Id.</u> at 765.

We find Carpenter failed to allege sufficient facts in support of his ADEA claim to defeat a motion to dismiss. Carpenter did nothing more than state that he was in a protected class and that he suffered adverse employment decisions.

With respect to Carpenter's defamation claims, we find he failed to allege facts supporting a defamation claim against any of the defendants. The statements of defendants Teresa M. Matarazzo and Joan T. Shetterly were protected by a qualified privilege. <u>See</u> <u>Larimore v. Blalock</u>, 528 S.E.2d 119, 121 (Va. 2000). The statements made by defendant Janice A. Whitfield were not defamatory.

Carpenter's request for a declaratory judgment under the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900(B)(2) (2001), must fail. Carpenter is not seeking to determine "legal rights" or "legal relationships." <u>Aetna Cas. & Sur. Co. v. Quarles</u>, 92 F.2d 321, 325 (4th Cir. 1937). His request for a declaratory judgment only duplicates his attempt to seek relief under the ADEA and various common law theories.

Finally, we find that Carpenter failed to allege facts sufficient to support a claim of intentional infliction of

emotional distress. Even if Matarazzo's and Shetterly's allegations were false, the allegations were not outrageous or extreme. <u>Russo v. White</u>, 400 S.E.2d 160, 162 (Va. 1991).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>