**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1894**

MATTIE P. STEPHENS, and all others similarly situated,

Plaintiff – Appellant,

v.

HSBC MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as mortgagee and nominee of
lender,

Defendants – Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Richard M. Gergel, District Judge.
(3:13-cv-00691-RMG)

Submitted:  March 28, 2014                  Decided:  April 8, 2014

Before TRAXLER, Chief Judge, DUNCAN, Circuit Judge, and DAVIS,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard A. Harpootlian, Christopher P. Kenney, RICHARD A.
HARPOOTLIAN, PA, Columbia, South Carolina; Tobias G. Ward, Jr.,
TOBIAS G. WARD, JR. PA, Columbia, South Carolina, for Appellant.
B. Rush Smith III, Thad H. Westbrook, A. Mattison Bogan, Carmen
Harper Thomas, NELSON MULLINS RILEY & SCARBOROUGH LLP, Columbia,
South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Mattie Stephens appeals the district court's dismissal of her motion for declaratory judgment.[1] She contends that the district court erred by finding that her claim was not ripe for adjudication and abused its discretion by failing to show good cause for its refusal to consider her motion on the merits. For the reasons that follow, we affirm.

I.

Stephens is a South Carolina homeowner who is currently delinquent on her mortgage payments. Appellee HSBC Mortgage Services, Inc. is the assignee of the lender's rights to Stephens's mortgage contract, and Appellee Mortgage Electronic Registration Systems, Inc. holds a security interest as mortgagee and nominee for the lender.

Stephens alleges that due to financial distress, she has made only partial mortgage payments for approximately two years. She seeks a declaration that her mortgage contract is void ab initio because it includes an improper waiver of the appraisement rights granted by South Carolina Code § 29-3-680 to

_____

[1] Stephens also appeals the district court's denial of her motion to certify state law questions to the Supreme Court of South Carolina and moves us to certify those questions. Stephens's appeal and motion were previously denied in our order of September 27, 2013.

homeowners whose mortgages have been foreclosed and against whom a deficiency judgment has been sought. She also seeks to enjoin Appellees from foreclosing on her property or seeking a deficiency judgment pursuant to the allegedly void mortgage contract. Finally, Stephens seeks to represent a class of similarly situated South Carolina homeowners whose mortgage contracts include the allegedly improper waiver. Stephens does not contend that either Appellee has threatened or initiated foreclosure proceedings.

Stephens filed this action for declaratory and injunctive relief in South Carolina state court on January 25, 2013. On March 14, 2013, Appellees removed the case to the District of South Carolina. Appellees moved to dismiss Stephens's action for lack of subject-matter jurisdiction on March 21, 2013. The district court granted Appellees' motion to dismiss on June 24, 2013. Stephens timely appealed.

## II.

"We review de novo the issue of whether a district court possessed jurisdiction in a declaratory judgment proceeding." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 591 (4th Cir. 2004). "If a plaintiff has asserted sufficient facts to create declaratory judgment jurisdiction, we

3

review for abuse of discretion a district court's decision to exercise its jurisdiction." Id.

III.

The district court held that Stephens's cause of action was not ripe, and therefore not justiciable, because it is uncertain whether her right to appraisement will ever be asserted or challenged. The court found that because Stephens's ability to exercise her right was subject to multiple unpredictable future contingencies, a declaration would not be useful and the lack of a declaration would not impose any significant hardship on the parties.

Article III, § 2 of the United States Constitution limits our jurisdiction to cases and controversies. A claim satisfies the case or controversy requirement "if the 'conflicting contentions of the parties...present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)) (alteration in original). "Because [t]he doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form...problems such as the inadequacy of the record...or

ambiguity in the record...will make a case unfit for adjudication on the merits." Ostergren v. Cuccinelli, 615 F.3d 263, 288 (4th Cir. 2010) (alteration in original) (internal quotation marks and citations omitted). A court should rule on the merits of a declaratory judgment action only "when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Volvo Constr. Equip., 386 F.3d at 594. (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

Stephens contends that her declaratory judgment action is ripe because all of the relevant facts are before the court, she has already been injured by the formation of the illegal clause in the contract, the parties have taken adverse positions on the enforceability of the contract, and the Appellees have a present right to foreclose on Stephens's property.[2] Appellees argue that Stephens's claim is not ripe because she has no right to the relief she seeks unless a series of contingent events occur.

---

[2] Stephens also contends that the existence of 500 or more similarly situated homeowners is a factor that helps her claim to satisfy the ripeness standard. However, it is not clear why this would have any bearing on the existence of a controversy between Stephens and the Appellees.

Stephens's arguments are unavailing. We have previously held that a challenge to a lender's ability to foreclose on a mortgage contract is not ripe when there has been "no attempt to foreclose." Horvath v. Bank of N.Y., 641 F.3d 617, 622 n.2 (4th Cir. 2011). The claim before us and the claim in Horvath are in identical postures. In Horvath, as in this action, the plaintiff challenged the enforceability of a mortgage contract on which the parties had taken adverse positions and for which there were sufficient facts in the record to allow the court to make a decision as a matter of law. Moreover, the defendants had a present right to enforce the mortgage contract at issue because the plaintiff was in default. The plaintiff "sought a declaratory judgment stating that [the defendant] cannot foreclose on the note, even though [the plaintiff] is in default and even though the current noteholder has made no attempt to foreclose." Id. at 622 n.2. We held that the "claim [was] unripe for adjudication. Insofar as no foreclosure has even been threatened, [the plaintiff] cannot yet show a 'controversy...presented in [a] clean-cut and concrete form.'" Id. (quoting Ostergren, 615 F.3d at 288).

Stephens cannot overcome the fact that no foreclosure has been threatened or initiated by the Appellees in this case. Like the plaintiff in Horvath, Stephens seeks an advisory declaration that the Appellees cannot foreclose on the mortgage

6

contract even though she is in default and the Appellees have made no attempt to foreclose. Because the claim presented by Stephens is no more clean-cut or concrete than that presented in Horvath, there is no sufficiently ripe controversy to permit the exercise of declaratory judgment jurisdiction.[3]

IV.

For the reasons stated above, the district court's dismissal of Stephens's action for declaratory relief is

AFFIRMED.

---

[3] Because the district court properly found that it lacked jurisdiction, we need not consider whether it abused its discretion by choosing not to consider Stephens's claim on the merits.