**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-1296**

───────────────

AUTO MONEY NORTH, LLC,

            Plaintiff - Appellant,

        v.

FENTRESS BROWN,

            Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  J. Michelle Childs, District Judge.  (0:21-cv-00393-JMC)

───────────────

Submitted:  May 24, 2023                    Decided:  June 20, 2023

───────────────

Before DIAZ and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Lindsey W. Cooper Jr., M. Linsay Boyce, LAW OFFICES OF L. W. COOPER JR., LLC, Charleston, South Carolina; M. Dawes Cooke, Jr., BARNWELL WHALEY PATTERSON & HELMS, LLC, Charleston, South Carolina, for Appellant. James R. Faucher, Drew Brown, BROWN, FAUCHER, PERALDO & BENSON, PLLC, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Auto Money North, LLC, appeals the district court's order declining to exercise jurisdiction over Auto Money North's declaratory judgment action based on the pendency of a parallel action in state court. On appeal, Auto Money North argues that the court abused its discretion in determining that consideration of the relevant factors favored abstention. For the following reasons, we affirm.

We review for an abuse of discretion a district court's decision declining to exercise jurisdiction over a declaratory judgment action while a parallel action is pending in state court. *Med. Mut. Ins. Co. of N.C. v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022). The district court's discretion to abstain in such a situation is broad. *Id.* Under the Declaratory Judgment Act, a district court with proper jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Supreme Court has repeatedly characterized the Declaratory Judgment Act as an enabling Act," *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted), which "merely permits federal courts to hear those cases rather than granting litigants a right to judgment," *Littaua*, 35 F.4th at 208 (internal quotation marks omitted).

We have stated that the "two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (internal quotation

2

marks omitted).  We also have recognized that hearing declaratory judgment actions in federal court while a parallel state case is pending "is ordinarily uneconomical, vexatious, and risks a gratuitous interference with state court litigation."  *Littaua*, 35 F.4th at 208 (internal quotation marks omitted).  Accordingly, we require consideration of four factors (the "*Nautilus* factors") in the decision whether to hear such a declaratory judgment action:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere procedural fencing, in the sense that the action is merely the product of forum-shopping.

*Id.* at 208-09 (internal quotation marks omitted); *see Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376-77 (4th Cir. 1994), *abrogated in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

We have reviewed the record and conclude that the district court did not abuse its broad discretion in determining that each of the four factors favors abstention.  With respect to the first factor, we agree with the district court that North Carolina's courts have a strong interest in determining the applicability of the North Carolina Consumer Finance Act, and that Auto Money North failed to show a compelling federal interest strong enough to overcome North Carolina's significant interest in the application of its laws.  Indeed, with respect to the second factor, the North Carolina state courts can ably apply North Carolina law.  Turning to the third factor, we note that, in the North Carolina action, Appellee brought suit against Auto Money North alleging that it had engaged in unlawful loan practices in violation of North Carolina law.  In the present case, Auto Money North sought

3

to litigate whether North Carolina or South Carolina law applied to the loan agreements at issue, in addition to raising a breach of contract claim. Therefore, we agree with the district court that litigating this action would necessarily involve determinations of facts and law at issue in the North Carolina action. Finally, as to the fourth factor, Auto Money North filed suit immediately after Appellee brought the North Carolina action, and Auto Money North unsuccessfully attempted to achieve a federal hearing by removing the North Carolina action to district court. Moreover, Auto Money North has had ample opportunity to litigate these issues in several cases brought in North Carolina's state courts.

We therefore conclude that the district court did not abuse its discretion in finding that the four *Nautilus* factors favored abstention and dismissing the action. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*